Susan B. WILBURN,
Respondent–Cross–Appellant,

v.

Earl B. WILBURN,
Appellant–Cross–Respondent.

No. 57651.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 27, 1990.

Rehearing Denied Jan. 3, 1991.

George Owen Suggs, St. Louis, for respondent-cross-appellant.

F. William McCalpin, Robert J. Golterman, St. Louis, for appellant-cross-respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Earl B. Wilburn, appeals from an order of the Circuit Court of St. Louis City which modified a prior decree of dissolution. Respondent, Susan B. Wilburn, also appeals from the court's modification order. We will briefly review the relevant facts before addressing the parties' arguments.

The parties were married on January 22, 1959. After a twenty-four year marriage, they were divorced on March 4, 1983, pursuant to a decree of dissolution. This decree provided respondent with $1,500.00 per month in maintenance.[1] Additionally, appellant was required to maintain a life insurance policy naming respondent as the beneficiary.

At the time of divorce, respondent worked part-time as a condominium manager earning $500.00 per month. By 1985, however, respondent was earning $18,-000.00 a year as a full-time property manager. She remained a property manager until June 1988, at which time her salary was up to $24,000.00 a year. Respondent was terminated from her job as property manager on June 15, 1988. Although respondent testified she could have found similar employment, she instead decided to start her own property management business. As of the time of the modification hearing, no income had been derived from the business, although respondent expects profits in the future. Respondent also now works part-time as the office manager of a law firm, receiving $1,000.00 per month for her services.

The evidence further revealed that, at the time the dissolution decree was entered, appellant was earning $60,000.00 per year as a partner in a law firm. His income had increased to $70,000.00 by 1987. In June of 1988, however, the law firm disbanded. Appellant lost at least ninety percent of his clients as a result of the firm's breakup and the trial court found that his estimated income dropped to $40,-000.

On June 25, 1988, appellant filed his motion to modify in which he sought to eradicate his maintenance and insurance obligations to respondent. The trial court found changed circumstances to exist, reduced the maintenance to $800.00 per month, and awarded respondent $3,500.00 in attorney's fees. On appeal, appellant argues that the trial court should have terminated his maintenance obligations entirely. Respondent counter-appeals claiming that the maintenance should not have been reduced at all. We affirm the judgment of the trial court.

■ Reversal of a modification order is appropriate only when the order is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Markowski v. Markowski*, 736 S.W.2d 463, 465 (Mo.App., W.D.1987). In attempting to modify a maintenance award, the motioning party has the burden to show changed circumstances so substantial and continuing as to make the original award unreasonable. *Lyles v. Lyles*, 710 S.W.2d 440, 442 (Mo.App., E.D.1986). Appellant has carried this burden of proof.

■ Loss of income can constitute a substantial change in circumstances. *Holt v. Holt*, 633 S.W.2d 171, 173 (Mo.App., E.D. 1982). In this case, the loss of income suffered by appellant from his law firm's disbandment substantially impaired his ability to support himself and meet maintenance requirements. Not only has appellant's yearly income materially decreased, he has also completely used up the entire capital account he accrued at his old law firm. Appellant's age, 64, at the time of modification, significantly reduces any reasonable expectations of rebuilding his former level of business. The fact that appellant is at retirement age must also be taken into account when considering his diminished earning capacity. *Dow v. Dow*, 728 S.W.2d 714, 716 (Mo.App., E.D.1987). These factors demonstrate that the original amount of maintenance is unreasonable given appellant's present and future economic condition.

Respondent's improved economic condition is, itself, also sufficient to warrant a reduction in appellant's maintenance obligation. *Schofer v. Schofer*, 780 S.W.2d 69, 71 (Mo.App., W.D.1989). At the time of

---

1. Maintenance was originally $1,650.00 per month. The decree provided, however, that on May 1, 1985, this amount should be reduced to $1,500.00. The reason behind this reduction was that the two children of the marriage would have, at that time, finished their schooling and respondent's obligation to maintain the family home would have ceased.

the divorce, respondent earned $500.00 per month and had no marketable skills. By the time of modification, she had earned $2,000.00 per month and testified that she could acquire similar employment. More importantly, she had developed the experience and expertise to start her own property management business. Respondent's enhanced ability to obtain suitable employment in conjunction with appellant's apparently, permanent loss of income constitutes a change of circumstances warranting modification of the original maintenance agreement. *In Re Marriage of Marek*, 618 S.W.2d 245, 246–47 (Mo.App., E.D.1981). Respondent's claim is therefore denied.

■ However, appellant's financial status does not mandate withdrawal of all maintenance support. Courts must balance the ability to pay maintenance against the reasonable needs of those seeking maintenance. *Farnsworth v. Farnsworth*, 553 S.W.2d 485, 487 (Mo.App., St.L.D.1977). Despite respondent's improved work experience, she was not fully supporting herself financially at the time of the modification hearing. Her self-started business is too young to produce adequate income for her living expenses, notwithstanding respondent's significant good faith efforts to succeed. Presently, respondent is dependant upon her part-time job and maintenance to meet her monthly expenses. Complete termination of maintenance was not appropriate. Appellant's first point is denied.

■ Appellant also argues that an award for attorney's fees was unjustified. Awarding attorney's fees in a modification proceeding is in the discretion of the trial court. *Katz v. Katz*, 759 S.W.2d 857, 858 (Mo.App., E.D.1988). Here, maintenance was reduced upon motion by appellant and respondent has no visible means of paying her attorneys. We see no abuse of discretion in awarding attorneys' fees given the circumstances. Point denied.

■ Respondent claims, however, that the trial court should have awarded $4,500.00 in attorneys' fees. Respondent requests this figure based on her own attorney's assessment of how much the case is worth. Respondent's attorney filed an interrogatory, took a few depositions, and participated at the modification hearing. Furthermore, a motion was filed and argued in an attempt to prevent appellant from amending his modification motion. However, the award of $3,500.00 appears to be sufficient compensation for the legal work done on the case and, in any event, is not indicative of an abuse of discretion on the trial court's part. In addition, it is not incumbent upon the trial court to award respondent all of her attorneys' fees; merely all those deemed necessary in the discretion of the court.

Since we do not find the orders of the trial court modifying the parties' divorce decree to be erroneous, we affirm the court's judgment.

CRIST and PUDLOWSKI, JJ., concur.