**Donald HALL, Appellant,**

v.

**Dana DETERS, Respondent.**

**No. ED 74259.**

Missouri Court of Appeals,
Eastern District,
Division Five.

July 27, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1999.

Application for Transfer Denied Oct. 26, 1999.

David G. Waltrip, Seth A. Albin, Clayton, for appellant.

Michael J. McCarthy, Hazelwood, for respondent.

ROBERT G. DOWD, Jr., Chief Judge.

Donald Hall (Father) appeals from a judgment denying his motion to declare his two daughters emancipated and to recover child support withheld from his wages and paid to Dana Deters (Mother) after emancipation. He also requested a refund of sums withheld from his wages and paid to Mother representing one-half of post-secondary college expenses for his daughters. Kerri was born on March 21, 1977, and is now 22 years of age. Christine was born on June 16, 1978, and is now 20 years of age. The parties agree that Christine was declared emancipated by a subsequent judgment entered on May 31, 1998, during the pendency of this appeal. Father's motions contested his obligation to pay college expenses and child support for Kerri and Christine after they were emancipated in accord with the provisions of Section 452.340, RSMo 1994 (for Kerri) and Section 452.340, RSMo Cum.Supp.1997 (for Christine). We affirm in part. We reverse in part and remand for further proceedings.

## Background

The parties were married on October 4, 1975. The marriage was dissolved on February 3, 1986. The Decree of Dissolution incorporated a separation agreement of the parties. The agreement provided for joint physical and legal custody of three children: Amy, age 10; Kerri, age 8; and Christine, age 7. The separation agreement and decree were silent on education expenses for the children.

The decree was modified on November 17, 1993, pursuant to Mother's motion to modify. Amy and Christine were living with Mother; Kerri was living with Father. The court ordered Father to pay $226.50 per month per child for Amy and Christine as child support. It also ordered that "[e]ach party shall pay 50% of tuition, books, & fees associated with post-secondary education up to the maximum of said fees in effect at UMSL [in no event should either party be obligated to pay for more than eight semesters per child]. Payment is due directly to the school upon 30 days written notice of either party with respect to tuitions, fees, and books." Mother obtained wage-withholding orders for various employers of Father.

On August 31, 1994, Father filed a motion to obtain an order to modify and declare Amy emancipated, to quash an execution, for damages for a wrongful garnishment, and for a determination of amounts due. On November 16, 1994, the court denied the relief requested. Father appealed. On December 3, 1996, we dismissed the appeal for failure to prosecute.

On February 13, 1995, Mother filed a motion to modify in order to obtain support for Kerri who had moved from Fa-

ther's home to live with her. On November 28, 1995, the court declared Amy emancipated by marriage on April 15, 1995. It ordered Father to pay $301.50 per month child support for Kerri and the same amount for Christine, retroactive to June 1, 1995. It also entered an extended judgment regarding post-secondary education for Kerri and Christine as follows:

Husband shall pay one-half of the cost each year for each child attending a post-secondary college, university, or vocational/technical school, state or private, subject to the following limitations:

A. "Cost" shall include tuition, fees, books, dormitory cost for room and board. It does not include room and board while residing with either parent.

B. The "one-half" husband is to pay shall be the actual cost to the child, i.e. if child receives a scholarship or aid. For this purpose, loans to the student shall not be considered a "scholarship or other aid."

C. The child must carry at least a minimum number of credit hours each semester which, according to the institution the child attends, constitutes a full load.

D. The maximum cost which husband shall be responsible for in any given school year, will be one-half of the then cost for tuition, fees, books, and dormitory costs for room and board at the University of Missouri at Columbia, regardless of what institution the child attends.

E. The husband shall not be responsible for paying for more than eight semesters at a college or university.

On July 11, 1997, Mother filed an application and notice of income withholding with Father's employer, Systems and Electronic, Inc. She obtained a wage assignment in order to facilitate collection of the November 28, 1995, child support judg-

ments. She also claimed that Father's total arrearage for child support was a total of $7236. Our record indicates that this is the most recent wage assignment Mother has filed. We conclude the claimed arrearage consisted primarily of unreimbursed college and medical expenses.

On July 15, 1997, Father filed the motion that is the subject of this appeal. The motion consisted of four separate counts. In Count I, Father sought an order quashing the most recent wage assignment. In Count II, he asked the court to declare Christine, then age 19, emancipated on February 1, 1997, and to enter an order reimbursing him for all child support paid after that date. In Count III, Father asked the court to declare Kerri, then age 21, emancipated on June 1, 1995, and for an order "restoring" to Father all child support paid for Kerri after that date. In Count IV, Father asked the court to order Mother to provide an accounting on the arrearages she claimed, specifically her claims for reimbursement of one-half of post-secondary college expenses. On October 6, 1997, the court granted partial relief on Count I. It granted the motion to quash wage assignment in part, thereby reducing the child support obligation. It reserved the remaining issues for a subsequent hearing. The motion contains no allegations regarding Amy or any allegations regarding medical expenses for any of the children of the parties.[1]

On March 23, 1998, the family court judge entered findings of fact, conclusions of law, and a judgment and decree on Counts II, III, and IV of Father's motion. The court denied Father's request to declare Kerri and Christine emancipated. It sustained Father's request for an accounting and ordered Mother to provide Father with an accounting of all expenses claimed

---

1. We note Mother has filed an accounting that includes sums due for educational and medical expenses for Amy and medical expenses for Kerri and Christine. Because these issues were not raised by Father's motion, they were not before the motion court and were not part of the judgment. Thus, these issues are not before us to decide.

for post-secondary education for Kerri and Christine. Father appeals this judgment.

## Standard of Review

When reviewing a trial court's ruling on a motion terminating child support, "we are limited to whether the ruling is supported by substantial evidence, is against the weight of the evidence or erroneously declares or applies the law." *State ex rel. Div. of Family Services v. Hellems*, 948 S.W.2d 178, 179 (Mo.App. E.D.1997). We will defer to the motion court's determinations of credibility, viewing the evidence and permissible inferences in the light most favorable to the motion court's decision and disregard all contrary evidence and inferences. *Marriage of Glueck, In re*, 913 S.W.2d 951, 954 (Mo.App. E.D.1996). We apply the statute in effect at the time of the claimed emancipation of the child. *Pasley v. Patton*, 855 S.W.2d 385, 387 (Mo.App. W.D.1993).

## Kerri Hall

Father argues he should be absolved of his obligation to pay one-half of the cost of college expenses for Kerri at SLCC under the 1995 modification decree. Following the plain language of the 1995 decree, Father is obligated to pay for one-half of the cost for Kerri at SLCC, subject only to the limitations provided in the decree. Under the decree, Father's support obligation extends for those semesters she carries a "full load" of credit hours, not to exceed eight semesters.

A "full load" at SLCC is defined as twelve credit hours per semester. In Fall 1995, Kerri enrolled in twelve hours, thus qualifying as a full-time student. However, on September 20, 1995, she withdrew from six of the twelve hours and on October 20, 1995, she withdrew from the remaining six hours. The following semester, Spring 1996, Kerri enrolled in thirteen hours. Kerri failed twelve of the thirteen hours she carried that semester. In Fall 1996, she enrolled in twelve hours. Subsequently, Kerri was dropped from a three-

hour class due to a mistake in the registrar's office and Kerri understood she would not carry a full load for that semester. Kerri failed six of her remaining nine hours. In the Spring and Fall semesters of 1997, Kerri enrolled in thirteen and twelve hours respectively.

Kerri did not carry a "full load" in the Fall semester of 1995 or the Fall semester of 1996. Under the 1995 decree, Father is not obligated to pay his half of the cost for the Fall 1995 and Fall 1996 semesters. We do not agree with Father's argument that he should not be required to pay for semesters in which Kerri failed credit hours. We remand to the trial court to reconsider college expenses for Kerri.

We have reviewed Father's other point on appeal and find Father's claim of error by the trial court in denying his motion to declare emancipated to be without merit. A section in this opinion reciting the detailed facts and restating principles of law would have no precedential value. The judgment of the trial court denying Father's motion to declare Kerri emancipated is affirmed in accordance with Rule 84.16(b).

## Christine Hall

The court did not err in refusing to declare Christine emancipated. There is evidence to support finding that Christine graduated from Pattonville High School on December 16, 1997. The court so found. She was originally scheduled to graduate earlier, but was required to take correspondence courses in order to complete the high school's requirements. School officials at Pattonville High School monitored these courses. Father contests a finding that she was continuously enrolled and attended Pattonville High School until the date of graduation. However, there are facts to support such finding. The requirements of Section 452.340, RSMo Cum.Supp.1997 were satisfied when she graduated. Under the provisions of section 5 of that statute, Father was obligated

to pay child support for Christine until at least October 1, 1998. Section 452.340.5, RSMo Cum.Supp.1997 provides, in part:

> 5. If when a child reaches age eighteen, he is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree and so long as the child enrolls for and completes at least twelve hours of credit each term at an institution of vocational or higher education and achieves grades sufficient to re-enroll at such institution, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs....

Father was obligated to support Christine until her graduation and thereafter until October 1, 1998. However, in a subsequent proceeding not now before us on appeal, the court declared Christine emancipated on May 31, 1998. Thus, Father's claim that the court erred in failing to declare her emancipated is moot and the legal authority for declaring her emancipated prior to December 16, 1997, fails. However, Father also contends that the court erred in finding that he was obligated to pay post-secondary school expenses as alleged in the motion, in violation of "[t]he additional terms set forth in the courts [sic] Order of November 28, 1995...."

For several reasons, we conclude the motion court erred in requiring Father to reimburse any post-secondary expenses for Christine where that decision was based only on application of the statute defining emancipation. The obligations of Father and Mother for post-secondary education expenses for Kerri and Christine were reduced to a judgment on November 28, 1995. The judgment sets forth the terms for sharing educational expenses. Here, the motion court found Christine graduated from high school on December 16, 1997. It also found that Christine was enrolled as a full-time student at Tidewater Community College for the Fall 1997 semester, before she graduated from high school. Specifically, it found that "Christine took 9 semester hours of developmental credits and 3 semester hours of college level credits, which was full time status at Tidewater Community College." She also registered as a full-time student for the January 12, 1998 to May 11, 1998 semester. The court did not expressly find Christine's enrollment in the fall semester or registration for the spring semester satisfied the requirements of the educational provisions in the 1995 decree. It did not decide whether she carried a full load of post-secondary credit hours in the fall of 1997, before she completed high school.

College expenses were to be shared in accord with the 1995 decree and without reference to emancipation. Accordingly, on the disputed sharing of college expenses for Christine, we reverse and remand for findings of fact and conclusions of law regarding the issue of whether her enrollment and registration in a junior college, prior to graduation from high school, constitutes full-time status in post-secondary college, university, or vocational/technical school as required by the 1995 decree. The court should also reconsider the post-secondary expenses for the 1998 semester.

**Conclusion**

We affirm denial of the motion to quash child support. We affirm denial of Father's motions to declare Kerri and Christine emancipated. We reverse and remand for the court to reconsider Mother's claim for reimbursement of college expenses for Kerri and Christine in accord

with this opinion. Finally, we reverse and remand for a modification of the order for an accounting by Mother for child support in accord with this opinion and college expenses for Kerri and Christine only.

KAROHL, J., and BLACKMAR, Senior Judge, concur.