In re MARRIAGE OF Virginia HAMMERSCHMIDT and William Hammerschmidt.

Virginia Hammerschmidt, Petitioner/Respondent/Cross–Appellant,

v.

William Hammerschmidt, Respondent/Appellant/Cross–Respondent.

Nos. ED 77688 and ED 77718.

Missouri Court of Appeals, Eastern District, Division Five.

June 12, 2001.

Gary J. Morris, L.C., Bernhardt W. Klippel, III, Morris & Klippel, St. Louis, MO, for respondent.

Susan M. Hais, Philip E. Adams, Clayton, MO, for appellant.

CRANE, Judge.

Husband filed a motion for a declaration of emancipation of child and to modify the dissolution decree by terminating maintenance. The trial court declared that the child was emancipated as of January 1, 1999 and reduced monthly maintenance from $900 to $490.25. Both parties appeal. Husband contends that the trial court erred in declaring the child emancipated as of January 1, 1999 rather than in the fall of 1997, when the child had turned 18 and was no longer enrolled in and attending secondary school. Husband also argues that the court erred in not terminating maintenance. Wife asserts that the trial court erred in requiring her to reimburse husband for support paid after the emancipation date and in reducing her maintenance. We hold that the child was emancipated as of November 30, 1997, when, after reaching age eighteen, he withdrew from school. Accordingly, we reverse that part of the judgment declaring the child emancipated January 1, 1999. We remand for a determination of the amount of child support to be repaid to husband. In all other respects the judgment is affirmed.

Virginia Hammerschmidt (wife) and William Hammerschmidt (husband) were married on November 13, 1965. Four children were born during the marriage, including their son, S.H., born October 19, 1979. The parties' marriage was dissolved on April 8, 1987.

In its dissolution decree, the court awarded custody of three of the children, including S.H., to wife and one of the children to husband. The court ordered husband to pay wife $900 per month as maintenance and $547 per month as child support for each of the three children of whom wife had custody. On January 14, 1997 the court modified the decree by increasing the child support for S.H. to $967 per month for nine months and $1067 per month thereafter.

On October 13, 1998, husband filed his motion for emancipation and to modify. After a hearing the court issued its findings of fact, conclusions of law, and judgment in which it declared S.H. emancipated as of January 1, 1999, ordered wife to reimburse husband the amounts he had paid her after that date for child support, and reduced husband's monthly maintenance obligation from $900 to $ 490.25.

## DISCUSSION

We review the trial court's judgment on a motion to modify according to the principles in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.; Andrascsek v. Schepers*, 25 S.W.3d 500, 501 (Mo.App.2000). Because husband's and wife's points are interrelated, we consider them by topic, rather than in the order raised.

### 1. *Child Support*

#### a. *Emancipation*

For his first point husband contends that the trial court erred in declaring S.H. emancipated as of January 1, 1999. He argues that S.H. became emancipated when he turned eighteen and was no longer enrolled in and attending a secondary school program. He contends that this happened either on S.H.'s eighteenth birthday, October 19, 1997, or on November 30, 1997, the date that S.H. formally withdrew from school.

During the 1997–1998 school year S.H. was enrolled in a secondary school for his senior year of high school. S.H. turned 18 on October 19, 1997. S.H.'s transcript notes that S.H. stopped attending classes during the fall semester of 1997, but does not indicate on what date. S.H. formally withdrew from the fall semester on November 30, 1997. S.H. re-enrolled for the spring semester, but dropped out after attending six days of classes. S.H. did not receive any academic credit for the 1997–1998 school year.

S.H. did not graduate from high school or receive a General Educational Development diploma. In the fall semester of 1998 S.H. registered for 12 credit hours of classes at a community college but received a failing grade in each of these classes. In the spring semester of 1999, S.H. registered for 10 credit hours at the community college, but also received failing grades for all classes. S.H. received no academic credit for the 1998–1999 school year from the community college.

Section 452.340 RSMo (Cum. Supp. 1997), which was in effect at the time of the claimed emancipation of S.H., is the statute used to determine when S.H. became emancipated. *Pasley v. Patton*, 855 S.W.2d 385, 387 fn. 2 (Mo.App.1993). That section provides, in relevant part:

3. Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:

\* \* \*

(5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply.

4. If the child is physically or mentally incapacitated from supporting himself and insolvent and unmarried, the court may extend the parental support obligation past the child's eighteenth birthday.

5. If when a child reaches age eighteen, he is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend [and] progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree and so long as the child enrolls for and completes at least twelve hours of credit each term at an institution of vocational or higher education and achieves grades sufficient to re-enroll at such institution, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs....

The trial court found that S.H. was enrolled in and attending high school on his eighteenth birthday. The record on appeal does not contain any exhibits or other evidence on S.H.'s enrollment or attendance status as of that date. Accordingly, we assume, for purposes of this appeal, that S.H. was enrolled in and attending high school on his eighteenth birthday. Under the statute, husband's support obligation continued only "if" S.H. continued to attend and progressed toward completion of his high school program.

If S.H. did not continue to attend, however, he became emancipated under this statute unless each of the following circumstances existed:

(1) the interruption from the enrollment is temporary; (2) there is an evident intent to re-enroll; and (3) there are manifest circumstances which prevented the continuous enrollment. *Daily v. Daily,* 912 S.W.2d 110, 112 (Mo.App.1995). "Manifest circumstances" are those situations which are beyond a child's control. *Id.* Thus, if circumstances are within a child's control, the departure is considered voluntary and the fact the interruption in enrollment is temporary does not justify the court in waiving the continuous attendance requirement. *Id.* *Draper v. Draper,* 982 S.W.2d 289, 294 (Mo.App.1998).

Because there was evidence of an intent to re-enroll and actual re-enrollment the next semester, the issue is whether the "manifest circumstances" element was satisfied. The statute provides an exception for manifest circumstances where the court specifically so finds. The trial court did not, however, make a specific finding that it was extending the duration of child support because of manifest circumstances. Further, there was no evidence in the record that S.H. stopped attending classes and withdrew from school because of a medical condition or some other circumstance beyond his control on which the court could base such a finding.

In *Draper,* the daughter dropped out of college prior to the end of the spring semester. The record showed that the daughter had had problems with a boyfriend and difficulties with her knees, but the court found there was no showing "why either situation made her unable, as opposed to unwilling, to attend school." 982 S.W.2d at 295. Similarly, in *Daily v. Daily,* 912 S.W.2d 110, 112–13 (Mo.App. 1995), the daughter failed to return to college for the spring semester, but later began training to become Emergency Medical Technician. The court found that the daughter's choice not to return to college was a voluntary decision and that there were no external circumstances preventing her from returning to college. In both *Draper* and *Daily,* the respective courts terminated the child support obligation as of the date the child had voluntarily dropped out of higher education. The same reasoning applies where the child drops out of secondary education after his or her eighteenth birthday.

■ Based on the evidence in the record on appeal, as a matter of law S.H. was emancipated as of November 30, 1997 when, having previously reached the age of eighteen, he stopped attending and progressing toward the completion of a secondary education program by withdrawing from school and no manifest circumstances prevented him from staying in school. Husband's first point is granted.

b. *Reimbursement of Child Support*

On cross-appeal wife contends that the trial court erred in requiring her to reimburse husband for child support he paid after S.H.'s emancipation. She argues that husband had actual knowledge of S.H.'s emancipation but voluntarily paid child support. The trial court found that wife did not give husband notice of S.H.'s emancipation. To the contrary, wife took the position that S.H. was not emancipated. The trial court found that, after husband advised wife in September, 1998 that he believed that S.H. was emancipated, wife caused an Application and Notice of Wage Withholding to be filed on the ground that husband owed current and past child support.

■ Section 452.370.4 RSMo (1994) provides:

3. Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child.

The custodial parent shall have the duty to notify the noncustodial parent of the child's emancipation and failing to do so the custodial parent shall be liable to the noncustodial parent for child support paid to the custodial parent following emancipation of a minor child.

The use of the word "shall" in Section 452.370.4 indicates a mandatory duty of the custodial parent to notify the noncustodial parent when a child may be emancipated. *Smith v. Smith,* 17 S.W.3d 592, 598 (Mo.App.2000); *Wyrick v. Coles,* 834 S.W.2d 910, 913 (Mo.App.1992). Where a custodial parent fails to give the required notice, that parent has the responsibility to repay to the noncustodial parent all child support paid after the actual date of emancipation as found by the trial court. *Smith,* 17 S.W.3d at 598; *Wyrick,* 834 S.W.2d at 913.

■ Because wife did not give husband notice and husband continued to pay child support, the trial court did not err in ordering wife to repay the amounts paid after emancipation. However, because the date of emancipation has changed, on remand the trial court must redetermine the amount overpaid.

## 2. *Maintenance*

Both parties challenge the court's reduction of maintenance from $900.00 to $450.25 per month. Husband contends that the trial court should have completely terminated his maintenance obligation. On cross-appeal wife claims that the amount of maintenance should not have been reduced by any amount.

■ Section 452.370.1 RSMo (Cum. Supp. 1998) provides, in part, that provisions of any judgment respecting maintenance or support may be modified only upon a showing of "changed circumstances so substantial and continuing as to make the terms unreasonable." The burden of proving substantial change lies with the movant. *Halliday v. Boland,* 813 S.W.2d 34, 36 (Mo.App.1991).

At the time of the original decree, wife had custody of three of the four minor children and was working an average of 20 hours a week at $5 per hour. Husband was working full-time and had an average annual gross income of $137,294.

At the time of the hearing, wife had a part-time position as an administrative assistant in which she earned $13.51 per hour. Wife had previously worked full-time for the same employer and full-time positions at the same hourly rate were available to her at that employer. However, she voluntarily chose to reduce her hours to 33.8 per week. Husband was earning approximately $95,575 annually and was fifty-nine years old. He had lost his prior higher-paying job when that employer experienced financial difficulties.

The trial court found that husband's decrease in income was a substantial and continuing change of circumstances. The trial court found that husband was near retirement age and had no prospect of finding employment that would restore his income to its former level. The trial court also found that wife's failure to make a good faith effort to maximize her income, reinforced by her assertion that she believed maintenance was an entitlement, and her election to quit a full-time position, constituted a substantial and continuing change of circumstances. The trial court found that there was no reason that wife could not work 40 hours per week.

■ While a decrease in the income of the spouse paying maintenance does not require the court to modify maintenance, it is a relevant factor for the court to consider. *Draper v. Draper,* 982 S.W.2d 289, 291 (Mo.App.1998). Likewise an increase in the income of the spouse receiving mainte-

nance is a relevant factor. *Id.; Schofer v. Schofer,* 780 S.W.2d 69, 71 (Mo.App.1989). Either of these conditions can constitute a substantial change in circumstances. *Wilburn v. Wilburn,* 801 S.W.2d 78, 79 (Mo. App.1990). The fact that husband is approaching retirement age is a factor the court may consider in determining the likelihood that the decrease in husband's income will be permanent. *Id.* Similarly, wife's skills as an administrative assistant, which enhance her ability to consistently earn more than she did at the time of the original decree, may be considered by the court in modifying her maintenance award. *Id.* at 80. A court may take into consideration the fact that wife no longer has minor children at home and that, as a result, the court's original reason for not requiring wife to seek full-time paid employment outside the home no longer exists. *Hebron v. Hebron,* 566 S.W.2d 829, 835 (Mo. App.1978). The trial court did not err in finding that the parties' changed circumstances supported a modification of the amount of maintenance.

■ The next question is whether the trial court erred in not terminating maintenance. Courts must balance the ability to pay maintenance against the reasonable needs of those seeking maintenance. *McGehee v. McGehee,* 943 S.W.2d 364, 368 (Mo.App.1997); *Wilburn,* 801 S.W.2d at 80.

■ The court found that husband still had the ability to pay maintenance. It is apparent from the trial court's findings that wife's financial status does not require the termination of all maintenance. The court noted that wife's stated expenses were $32,577. Although it questioned some of these expenses, it did not explicitly find these to be unreasonable. Wife's actual income and imputed income were insufficient to meet her expenses, even if her stated expenses are reduced by the questioned expenses. The trial court did not err in denying husband's request to completely terminate maintenance.

The trial court's judgment reducing, but not terminating, maintenance is supported by substantial evidence and does not erroneously apply the law. Point two of husband's appeal and point three of wife's cross-appeal are denied.

## CONCLUSION

The judgment is reversed with respect to the declaration that S.H. became emancipated on January 1, 1999. Pursuant to Rule 84.14 we may enter such order as the trial court ought to give. Accordingly, we order that S.H. became emancipated as of November 30, 1997. We remand to the trial court to determine the amount of child support husband paid after November 30, 1997 and add this amount to paragraph 46 of the judgment. In all other respects the judgment is affirmed.

MARY K. HOFF, C.J., and ROBERT O. SNYDER, SR. J., concur.