Barbara HARRIS,
Petitioner/Respondent,

v.

Osker WILLIAMS,
Respondent/Appellant.

No. ED 79001.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 23, 2002.

Jack R. Charter, Circuit Attorney's Office, St. Louis, MO, for Respondent.

Byron Cohen, Clayton, MO, for Appellant.

SHERRI B. SULLIVAN, Presiding Judge.

### Introduction

Osker Williams (Father) appeals from the trial court's Order and Judgment (Judgment) denying his Motion to Terminate Child Support and for Reimbursement of Overpaid Child Support (Motion). We affirm.

### Factual and Procedural Background

In February 1998, the trial court entered a judgment declaring Father to be the father of N.H. (Child) and ordering Father to pay Barbara Harris (Mother) $654 per month for child support. This amount included $554 per month for current child support, plus $6,094 of retroactive child support at a rate of $100 per month. The judgment required Father: 1) to pay child support until Child turned eighteen or graduated high school, whichever occurred last; and 2) to continue paying child support if Child attended college or vocational school, until Child graduated or turned twenty-two, whichever occurred first.

Child graduated from high school in May 1999, at the age of nineteen. In June 1999, Child enrolled in a vocational degree program at Vatterott College (Vatterott). Initially, Child obtained several student

loans through Vatterott to pay for his education. In November 1999, Child applied for another student loan to continue his training at Vatterott, but this loan was denied. Although he had successfully completed one-third of his degree program, Child withdrew from Vatterott in mid-November because he could no longer afford to continue.

Soon after, Child enlisted in the Missouri National Guard (National Guard) to obtain financial aid for college through the Educational Assistance Program (EAP). The EAP requires enlistees to complete a six-month training course to qualify for tuition assistance. In April 2000, Child completed training, became eligible to receive tuition assistance, and immediately returned home to resume his post-secondary education. In May 2000, Child enrolled in summer classes at a local community college. He successfully completed these classes, which were partially paid for by the EAP. Child was enrolled in fall classes and anticipated receiving financial assistance from the EAP at the time of the trial court's proceedings.

Meanwhile, in October 1999, Father filed his Motion. Father alleged that Child was no longer entitled to child support because he: 1) had graduated from high school and was not enrolled in an institution of post-secondary education on October 1, 1999, as required by Section 452.340;[1] and 2) had withdrawn from school to enlist in the National Guard. After a hearing in August 2000, the trial court found that: 1) Child was enrolled in and attending a post-secondary vocational program by the statutory deadline; and 2) the circumstances of Child manifestly dictated otherwise than to terminate child support. The trial court denied Father's Motion and entered its Judgment, from which Father appeals.

*Standard of Review*

■ In a court-tried civil case, we will affirm the decision of the trial court unless the decision is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). When reviewing a trial court's ruling on a motion to terminate child support, we defer to the trial court's determinations of credibility, viewing the evidence and permissible inferences in the light most favorable to the trial court's decision, and disregard all contrary evidence and inferences. *Hall v. Deters,* 1 S.W.3d 581, 584 (Mo.App. E.D. 1999).

*Discussion*

In his sole point on appeal, Father argues that the trial court erred in denying his request to terminate support because Child did not satisfy the continuous enrollment requirement of Section 452.340.5, and no manifest circumstances existed to justify waiving the continuous enrollment requirement.

Section 452.340 provides in pertinent part:

3. *Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides,* the obligation of a parent to make child support payments shall terminate when the child:

. . .

(5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply;

. . .

5. If the child is enrolled in an institution of vocational or higher education not later than October first following

---

1. All statutory references are to RSMo. Cum. Supp. (1999), unless otherwise indicated.

graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs.... If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection.

(Emphasis added.)

■ Missouri courts have liberally construed the provisions of Section 452.340.5 to be consistent with the public policy interest of encouraging children to pursue higher education. *Draper v. Draper*, 982 S.W.2d 289, 294 (Mo.App. W.D.1998). Even if attendance is not continuous, a court may find that a parent's support obligation shall continue if all of the following elements are present: 1) the interruption from enrollment is temporary; 2) there is an evident intent to re-enroll; and 3) there are manifest circumstances which prevented continuous enrollment. *Id.; In re Marriage of Hammerschmidt*, 48 S.W.3d 614, 618 (Mo.App. E.D.2001).

Father does not dispute that the seven-month interruption in Child's post-secondary enrollment was temporary, or that Child had an evident intent to re-enroll. The only issue is whether manifest circumstances caused Child to withdraw from Vatterott and to enlist in the National Guard.

■ Section 452.340.5 provides an exception to the continuous enrollment requirement where the court specifically finds that manifest circumstances prevent-

ed the child from attending school. *Hammerschmidt*, 48 S.W.3d at 618. Manifest circumstances are those situations beyond a child's control. *Id.* If a situation is within a child's control, however, the departure is considered voluntary and the fact that the interruption in enrollment is temporary does not justify the court in waiving the continuous enrollment requirement. *Id.*

In *Hammerschmidt*, we reasoned that a trial court may base a finding of manifest circumstances on a medical condition of the child or some other external factor that causes the child to be unable, as opposed to unwilling, to attend school. *Id.* Other districts of our Court have reasoned that the manifest circumstances rationale should be applied when a child's inability to attend classes arises from situations such as illness, physical disability, or a parent's refusal to pay child support. *McNair v. Jones*, 892 S.W.2d 338, 341 (Mo.App. S.D.1995); *Braun v. Lied*, 851 S.W.2d 93, 96 (Mo.App. W.D.1993). Moreover, in *Braun*, the court considered the legislature's intent in constructing the statute and concluded that courts have discretion to liberally apply Section 452.340.5 in a manner consistent with public policy if the circumstances of the child manifestly dictate. 851 S.W.2d at 95, 96.

Father argues that Child's failure to apply for or to obtain educational grants or loans from banks, friends and family members, or to attend a less-expensive school, was voluntary and caused his withdrawal from Vatterott and the interruption in his enrollment.

■ However, the trial court found that Child's inability to afford his tuition at Vatterott was a situation beyond his control. Initially, Child obtained the loans necessary to pay for his schooling. Later, after completing six months of study, Child

suddenly learned that he could no longer secure a loan directly from the school. Child testified, and the trial court was entitled to believe, that he did not know of any other sources for financial aid or how to apply for them. Moreover, the record does not indicate whether Child could have qualified for any other forms of financial aid even if he had applied for them. Although Mother had applied for a parent loan through Vatterott to assist Child with expenses, the record reveals that her application was denied. Thus, instead of going to other people or institutions for money he would be obligated to repay, Child enlisted in the National Guard to earn money for college.

In fact, the trial court specifically found that Child's enlistment in the National Guard *was* an alternate source of financial aid. The National Guard agreed to provide Child with tuition assistance for college, but only if he first completed a basic-training course. This training could not be completed concurrently with classes. As a condition for receiving tuition assistance, Child had to delay his course of study and physically move to a location designated for training, a circumstance further beyond his control. Once Child met his obligation to the National Guard and became eligible for tuition assistance, he re-enrolled in school at the next available opportunity.

The record further reveals that neither Mother nor Child asked Father to pay for Child's educational expenses, and Father did not pay any of those expenses. Although Child might have asked Father for assistance, at the time Child temporarily left school Father had been paying his child support obligation for only 20 months and owed arrears. The trial court found that Child's inability to obtain financial aid in November 1999 was a circumstance beyond his control "in part because of [Fa-

ther's] arrearage in the payment of support." The court further stated:

It would be unfair for [Father], who was in arrears more than $6,000 in child support at the time the paternity judgment was entered, to be able to maintain that [Child] had control over the situation that resulted in [Child's] lack of financial resources to continue his program of vocational school. In fact, had [Father] provided the arrearage amount in November 1999, [Child] might have been able to continue his enrollment and not suffer the interruption of his program.

The trial court also found that Child's "foremost concern" was "to gain the financial resources which would enable him to pursue his post-secondary education," the sole reason for Child's enlisting in the National Guard.

Therefore, because the factors contributing to Child's withdrawal from school and enlistment in the National Guard were external and beyond his control, the trial court did not err in waiving the continuous enrollment requirement of Section 452.340.5. Father's point on appeal is denied.

### Conclusion

Substantial evidence in the record supports the trial court's finding that manifest circumstances caused Child to temporarily withdraw from his post-secondary education. Thus, we find that the trial court did not err in applying Section 452.340.5 and in denying Father's Motion. Accordingly, the Judgment of the trial court is affirmed.

LAWRENCE G. CRAHAN, J., and LAWRENCE E. MOONEY, J., concur.