**Lois J. KASTEN, Appellant,**

v.

**Thomas R. FRENZ, Respondent.**

**No. ED 81421.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 30, 2003.

John P. Heisserer, Cape Girardeau, MO, for appellant.

J. Michael Payne, Cape Girardeau, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Lois J. Kasten ("Mother") appeals the judgment denying her motion for waiver of the college enrollment deadline and declaring her son, Ryan ("Son") to be emancipated. We reverse and remand.

The marriage of Thomas R. Frenz ("Father") and Mother was dissolved in October 1990. The court awarded joint legal custody of Son with Mother as primary physical custodian. Son reached the age of 18 years on November 2, 2000. In May 2000, Son enlisted in the Missouri Army National Guard and as a Reserve of the United States Army for a period of eight years and reported to basic training at Fort Leonard Wood, Missouri for approxi-

mately eleven weeks. After completing that training, Son returned to his status as a National Guardsman reporting for weekend drills and began his senior year in high school. Son graduated from high school in May 2001 and enrolled at Southeast Missouri State University for the fall semester of 2001.

During the summer before Son was scheduled to begin classes at Southeast Missouri State University, he was ordered to Fort Gordon, Georgia, to attend advanced individual training for seventeen weeks beginning in early July of 2001. Son withdrew from his enrollment from the university for the fall semester of 2001. He completed his seventeen-week advanced individual training program in November of 2001. Son then re-enrolled at Southeast Missouri State University in the Spring Semester of 2002 and began attending classes. Southeast Missouri State University has confirmed that Son will receive thirty-five hours of credit for the advanced individual training he received at Fort Gordon.

In August 2001, Mother filed a Motion for Waiver of College Enrollment Deadline requesting that the trial court waive the October first deadline for enrollment in post-secondary education and order that child support payments continue until Son was emancipated. Father filed his response requesting that the trial court deny Mother's motion.

The matter was tried to the court upon stipulated facts, testimony of Mother and a National Guard recruiter, and Son's enlistment documents. In May 2002, the trial court entered judgment denying the Motion for Waiver of College Enrollment Deadline and declaring Son to be emancipated. Mother filed for a Motion for New Trial or in the alternative to Amend the

Judgment, which was denied. Mother now appeals.

█ In a court-tried civil case, we will affirm the trial court's decision unless the decision is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). When reviewing a trial court's ruling on a motion to terminate child support, we defer to the trial court's determinations of credibility, viewing the evidence and permissible inferences in the light most favorable to the trial court's decision, and disregard all contrary evidence and inferences. *Harris v. Williams*, 72 S.W.3d 621, 623 (Mo.App. 2002).

Mother's sole issue on appeal is that the trial court erred in finding that the circumstances of Son did not manifestly dictate that the October first enrollment deadline was waived and in finding Son was emancipated.

Section 452.340 RSMo [1] provides in pertinent part:

3. Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments terminates when the child:

· · ·

(3) Enters active duty in the military;

· · ·

(5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply;

5. If when a child reaches age eighteen, the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child con-

---

1. Unless otherwise indicated, all statutory references are to RSMo 2000.

tinues to attend and progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieve grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs.... If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection. Section 452.340.

■ Missouri courts have liberally construed the provisions of section 452.340.5 to be consistent with the public policy interest of encouraging children to pursue higher education. *Harris,* 72 S.W.3d at 624. Even if attendance is not continuous, a court may find that a parent's support obligation shall continue if all of the following elements are present: 1) the interruption from enrollment is temporary; 2) there is an evident intent to re-enroll; and 3) there are manifest circumstances which prevented continuous enrollment. *Id.*

■ "Manifest circumstances" are those which are beyond a child's control. *In re Marriage of Hammerschmidt,* 48 S.W.3d 614, 618 (Mo.App.2001). Thus, if circumstances are within a child's control, the departure is considered voluntary and the fact that the interruption in enrollment is temporary does not justify the court in waiving the continuous attendance requirement. *Id.* Various cases have reasoned that the manifest circumstances rationale should be applied when a child's inability to attend classes arises from situations such as illness, physical disability, or a parent's refusal to pay child support. *McNair v. Jones,* 892 S.W.2d 338, 341 (Mo.App.1995); *Braun v. Lied,* 851 S.W.2d 93, 96 (Mo.App.1993).

Mother relies on *Harris,* which Father attempts to distinguish from this case. In *Harris,* the father wanted his child support obligations to be terminated since his child enlisted in the Missouri National Guard. 72 S.W.3d at 623. The child had enlisted in the National Guard to obtain financial aid for college through the Educational Assistance Program. *Id.* In *Harris,* the father was more than $6,000 in arrears in his child support. *Id.* at 625. This Court found that the "manifest circumstances" exception should apply since the child joined the National Guard to gain the financial resources which would enable him to pursue his post-secondary education. *Id.*

Father argues this case is distinguishable from *Harris* because Father has paid his child support and was current through July of 2001, which was when Son went on active duty at Fort Gordon, Georgia. Father argues that Son voluntarily enlisted in the Army National Guard and as a Reserve of the United States Army. Son knew when he enlisted that he would have to attend basic training, which could be completed between his junior and senior years of high school, and then would have to attend advanced individual training, which would take place in September 2001. Additionally, there was no evidence that Son had enlisted because he had exhausted all of his financial resources as in *Harris.*

We do not agree that the holding or rationale in *Harris* are limited to situations in which the supporting parent is in arrears. Moreover, we find that Son satisfies the three-part analysis set forth in *Harris*. The interruption in Son's enrollment at Southeast Missouri State University was temporary because it was to attend a seventeen-week program at Fort Gordon, Georgia. Son had evident intent to re-enroll because he enrolled at Southeast Missouri State University in the fall semester of 2001; withdrew because of the National Guard advanced individual training; and then re-enrolled and attended Southeast Missouri State University in the spring semester of 2002. Finally, the manifest circumstances that prevented Son's continuous enrollment were the National Guard's orders for Son to delay his coursework at the University and physically move to Fort Gordon, Georgia. *See Harris*, 72 S.W.3d at 625. Being ordered to move to Georgia made it impossible for Son to complete the advanced individual training and his classes at the University concurrently. *Id.* As in *Harris*, the factors contributing to Son's withdrawal from Southeast Missouri State University for the fall semester of 2001 were external and beyond his control. *Id.*

Citing *Porath v. McVey*, 884 S.W.2d 692, 694 (Mo.App.1994), Father argues Son should be emancipated because he entered active duty in the military under section 452.340.3(3). Father contends that this court should find Son entered active duty and should be emancipated as in *Porath* since Son voluntarily enlisted in both the Army National Guard and as a Reserve of the United States Army. However, Mother correctly points out that 10 U.S.C. section 101(d)(1) clearly states that active duty "does not include full-time National Guard duty." *See* 10 U.S.C. section 101(d)(1). *Porath* does not apply in this case because Son is enlisted in the National Guard, which is an express exception to "active duty" pursuant to clear language of 10 U.S.C. section 101(d)(1). Additionally, *Porath* is factually different from this case because the child in *Porath* went to West Point, a military academy, and Son went to Fort Gordon and Southeast Missouri State University. Also the child in the *Porath* case attended West Point full-time whereas Son only attended an advanced individual training for seventeen-weeks in Georgia.

Father also argues that Son's advanced individual training would not qualify under an "institution of vocational education" under section 452.340.5 because Son was paid during the training and was not assessed a fee for his enrollment. *See* section 452.340.5. According to Father, Fort Gordon does not fit the definition of an "institution of higher education" because it is neither a junior college, community college, college, nor university. *See* section 452.340.5.

In this case, Son attended an advanced individual training with the National Guard in Fort Gordon. In *McIlroy v. Simmons*, 832 S.W.2d 949, 951–52 (Mo.App.1992) and *State ex rel. Div. of Child Support Enforcement v. Gosney*, 928 S.W.2d 892, 894 (Mo.App.1996), we pointed out that punishing the child for "trying to advance her education because she did not pay a fee, ... would violate the spirit of the law." Moreover, even though Son was not attending Southeast Missouri State University, which qualifies as an institution of higher education, during the fall semester of 2001, Son received college credit that applied at the University.[2] To punish

---

2. Section 452.340.5 only requires that a child enroll for and complete at least twelve hours of credit each semester. Section 425.340.5.

Son's advanced individual training earned him more than double the hours required to fulfill the requirements of the statute.

Son for trying to advance his education by enlisting in the National Guard and Army Reserve would violate the spirit of law. *See McIlroy*, 832 S.W.2d at 951–52; *Gosney*, 928 S.W.2d at 894. In addition, section 452.340.5 specifically allows for waiver of the October first deadline and the evidence supports such a ruling in this case. To hold otherwise would violate the purpose of section 452.340.5.

The trial court erroneously applied the law in finding that manifest circumstances did not cause Son to temporarily withdraw from his post-secondary education and in finding Son was emancipated. This judgment is therefore reversed and the cause is remanded for entry of a new judgment consistent with this opinion.

LAWRENCE E. MOONEY, C.J., and ROBERT E. CRIST, Sr. J., concur.