**Louis E. HOLMES, Respondent,**

**v.**

**Monica S. HOLMES, Appellant.**

**No. ED 94778.**

Missouri Court of Appeals, Eastern District, Division Three.

June 7, 2011.

Cheryl A. Rafert, St. Louis, MO, for appellant.

Brandi Richene Miller, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Monica Holmes (Mother) appeals from the circuit court's judgment dissolving her marriage to Louis Holmes (Father). Mother contends that the trial court erred in denying child support. We reverse and remand.

## Background

Mother and Father are the parents of Tiarrah (Daughter), born in July 1991. The parents married in August 1992. In September 2008, Mother obtained an order of protection against Father and an award of child support of $500. Father filed a petition for dissolution that October. Mother obtained a second order of protection in May 2009 but the court did not award child support due to the pending dissolution. In June, Mother filed her answer in the dissolution case and requested temporary child support *pendente lite*, which the court denied, so Father paid no support after April 2009.

Daughter graduated from high school in May 2009, turned 18 that July, and enrolled at St. Louis Community College–Meramec in August. As of mid-September, she was enrolled in nine credit hours and employed 15 hours per week. Around the same time, Daughter (via Mother) provided Father with her "Student Schedule and Bill" issued by Meramec. Father received this document in September. The college contacted him to assist with a portion ($500) of the charges, but he didn't oblige.[1] Daughter eventually obtained financial aid. Sometime in October, Daughter was forced to resign her employment because her employer would not accommodate her class schedule. Daughter attempted to enroll in three additional credit hours but Meramec could offer no appropriate option at that time, so Daughter began providing domestic assistance to her great-grandmother in exchange for money. Though the record is vague regarding this arrangement, Daughter and Mother testified that Daughter spent at least 15 hours per week helping her great-grandmother, sometimes spending the night at her home. The record is void of details regarding compensation other than Daughter's statement that her great-grandmother "gave [her] some money for helping out." At the time of trial in November, Daughter was still in school and helping her great-grandmother, she was looking for another job (which she obtained in December), and she was registered for 13 credit hours for the following semester.

The trial court found that Daughter had graduated from high school in 2008 and failed to provide documentation of her enrollment at Missouri State University for the 2008–2009 academic year. The court further found that Daughter failed to provide documentation of her enrollment at Meramec for the fall of 2009 until five days before trial. Finally, the court was not persuaded that Daughter's assistance to her great-grandmother amounted to 15 hours per week and viewed it as "at most, an informal, unstructured work relationship." Based on the foregoing findings, the trial court concluded that Daughter was emancipated and thus ineligible for continued child support. Mother appeals.[2]

## Standard of Review

■ Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.

---

1. Father earns approximately $40,000 per year—about twice as much as Mother.

2. Father has not favored this court with a Respondent's brief.

banc 1976). The trial court's judgment will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Neal v. Neal,* 281 S.W.3d 330, 337 (Mo.App.2009). We defer to the trial court's determinations of credibility and view the evidence and inferences that may be drawn therefrom in the light most favorable to the judgment. *Neal,* 281 S.W.3d at 337. Questions of law are matters reserved for *de novo* review by the appellate court, and we therefore give no deference to the trial court's judgment in such matters. *H & B Masonry Co., Inc. v. Davis,* 32 S.W.3d 120, 124 (Mo.App.2000).

### Discussion

■ Section 452.340.5 RSMo (2009) extends a parent's support obligation beyond age 18 when a child pursues higher education. In order for the obligation to continue until age 21, the student must: register by October 1 following high school, provide institutional documentation to the parent paying support, continue to attend and progress toward completion of the program, and be enrolled in either 12 credit hours per semester or 9 credit hours while employed at least 15 hours per week.[3]

Mother contends that the trial court erred in finding Daughter ineligible for continued financial support from Father under the statute because: (1) there was no substantial evidence to support the court's findings that Daughter graduated in 2008 and failed to provide documentation of her enrollment at MSU in 2008–2009; and (2) the court erroneously applied the law in that Missouri precedent prescribes the continuation of support where a defect in satisfying the statutory requirements is temporary and a result of manifest circumstances.

Mother's first point has merit. The record clearly reflects that Daughter graduated from high school in May 2009 and began attending Meramec that September. Though Mother testified that Daughter also applied to MSU that year, nothing in the record supports the trial court's findings that Daughter graduated in 2008 and failed to provide documentation of her attendance at MSU in 2008–2009. The record also does not support

---

**3.** The text of section 452.340.5 states as follows: If, when a child reaches age eighteen, the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend and progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-one, whichever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course.... A child who is employed at least fifteen hours per week during the semester may take as few as nine credit hours per semester and remain eligible for child support so long as all other requirements of this subsection are complied with.

the court's finding that Daughter failed to provide documentation of her enrollment at Meramec until five days before trial. Father himself testified that he received Daughter's course schedule in September 2009. To the extent that the trial court relied on these erroneous facts to determine Daughter noncompliant with the statute and thus ineligible for continued financial support, the court erred.

In her second point regarding Daughter's temporary shortfall in meeting the statutory requirements, Mother argues that Missouri precedent and public policy prescribe a liberal construction of the statute in Daughter's favor. In essence, Mother asserts that the trial court erroneously applied the law, so our review is *de novo*. As Mother correctly notes, "Missouri courts have liberally construed the provisions of section 452.340.5 to be consistent with the public policy interest of encouraging children to pursue higher education." *Harris v. Williams*, 72 S.W.3d 621 (Mo.App.2002).

Although Mother does not cite, and our research did not uncover, any Missouri case law involving temporary under-employment of a part-time student, we find guidance by analogy in several cases examining temporary withdrawal and under-enrollment of full-time and part-time students. Those cases instruct that "even if attendance is not continuous, a court may find that a parent's support obligation shall continue if: (1) the interruption is temporary, (2) there is an evident intent to re-enroll, and (3) there are manifest circumstances that prevented continuous enrollment." *Harris*, 72 S.W.3d at 624. Manifest circumstances are situations beyond the child's control, such as "illness, physical disability, financial difficulty, or a parent's non-payment of child support." *Wilkins v. Wilkins*, 300 S.W.3d 594, 599 (Mo.App.2009).

In *Harris*, the student completed one semester of vocational school but was unable to obtain financial aid for the following semester, so he withdrew and enlisted in the National Guard in order to obtain tuition assistance. After basic training, he resumed his studies at a community college. The father sought to terminate support because his son wasn't enrolled in school for seven months. The trial court denied the motion and this court affirmed, reasoning that the factors contributing to the student's withdrawal were beyond his control. *Id.* at 625. *See also Kasten v. Frenz*, 109 S.W.3d 210 (Mo.App.2003) (reversing termination of support where trial court erroneously applied the law in finding that temporary withdrawal from college due to 17–week National Guard service was not a manifest circumstance).

In *Wilkins*, the student completed a 60–week vocational diploma program and then took a 10–week break before starting an associate's degree program. The trial court terminated support and this court reversed, reasoning that the 10–week interruption was temporary, the student intended to resume his education after the break, and his financial difficulty was a "manifest circumstance." *Id.* at 600. With respect to the latter, this court observed that the student and his mother, who earned $9000 per year, obtained loans to finance his education, while the father, who earned $83,000 per year, had contributed nothing. *Id.*

In contrast to the foregoing cases, a student's ignorance of prerequisites is not a manifest circumstance justifying continued support. In *Meuschke v. Jones*, 134 S.W.3d 783 (Mo.App.2004), a part-time student working 15 hours per week as a babysitter dropped a 3–hour class during her second semester when she realized that she lacked a prerequisite, thereby reducing her course load to eight hours.

She was unable to enroll in another class that semester, took no classes the following semester, and only re-enrolled after her father filed a motion to terminate support. The trial court denied his motion but the Western District reversed, holding that "there is no 'mistaken enrollment' exception to [the statute's] minimum hour requirement" and thus "the trial court misapplied the law in concluding that manifest circumstances prevented [the child] from taking the required credit hours." *Id.* at 789.

Finally, in *Rozelle v. Rozelle*, 320 S.W.3d 225 (Mo.App.2010), the student was enrolled full-time but completed only eight and nine credit hours in three out of four semesters. His father sought to terminate support, but the trial court denied the motion and this court affirmed, noting the legislature's "priority to provide continuing support to any child who is continuing his higher education, regardless of academic struggles." *Id.* at 320.

Turning to the present case, the record establishes that Daughter was in compliance with the statute until sometime in October 2009. She graduated from high school in May, by September she was enrolled in nine credit hours and working 15 hours per week, and she provided Father her course schedule issued by Meramec. Father, who earns at least $40,000 per year, refused to contribute $500 toward her tuition, and Daughter eventually obtained some financial aid through the college. Then in October Daughter was forced to resign her employment because her employer would not accommodate her class schedule. Thereafter, Daughter provided domestic assistance to her great-grandmother in exchange for money. The trial court acknowledged the existence of an informal work relationship but was not persuaded that Daughter worked 15 hours per week. We are bound by that finding

and thus must view the record as though Daughter was under-employed for a portion of the semester. And although Daughter attempted to increase her course load to the requisite 12 hours, Meramec could offer no appropriate option at that time in the semester. Daughter secured new employment in December, passed all of her classes, and pursued 13 credit hours the following semester. In sum, the record illustrates that Daughter attempted to meet the requirements of section 452.340.5 but fell short for several weeks of one semester.

Applying the *Harris* criteria to Daughter's situation, the record establishes that (1) the interruption in Daughter's formal employment was temporary, (2) she intended to resume formal employment and in fact did, and (3) manifest circumstances prevented Daughter's continuous full compliance with the statute in that her financial difficulty (partly attributable to Father) and loss of employment were beyond her control. "The court considers financial difficulty beyond the child's control if the child lacked alternative means of funding or if the child explored reasonable alternatives." *Wilkins,* 300 S.W.3d at 599. This principle can be applied here not only to Daughter's financial struggles but also to her employment alternatives. Daughter was temporarily under-employed just as the students in *Harris* and *Wilkins* were temporarily withdrawn from their studies. All experienced manifest circumstances but exhibited an intent to resume and carried through on that intention. Daughter's efforts far surpass those depicted in *Rozelle,* and her non-compliance is minor compared to *Meuschke.* Guided by the foregoing precedent and construing the statute liberally in accordance with Missouri's public policy interest in encouraging children to pursue higher education, we conclude that Daughter's temporary and involuntary under-employment was

not fatal to her eligibility for continued support under section 452.340.5.

## Conclusion

The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., concur.