Melody Jean PERRY, Respondent,

v.

Alan F. PERRY, Appellant.

No. WD 62088.

Missouri Court of Appeals,
Western District.

Sept. 9, 2003.

Robert H. Dunsford, Kansas City, MO, for Appellant.

Melody Jean Perry, Platte City, pro se.

Before PAUL M. SPINDEN, P.J., THOMAS H. NEWTON and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The marriage of Melody Jean Perry and Alan F. Perry was dissolved on August 13, 1998, by a Decree of Dissolution of Marriage. Mr. Perry was ordered to pay child support of $653 per month for the two children born of the marriage, Julie Michelle Perry (Julie), born September 22, 1981, and James Robert Perry (James), born April 25, 1986.

Julie graduated from high school in May 2000. Julie did not enroll in an institution of vocational or higher education by October 1, 2000. After applying for and failing to obtain student loans or grants that would allow her to attend Missouri Western College where she had already been accepted, Julie decided that she would need to work full-time for a year in order to save enough money to allow her to attend college in the fall of 2001. The required inclusion of Mr. Perry's income on Julie's financial aid applications in 2000 disqualified her from some forms of financial aid available. In the fall 2001, Ms. Perry and Julie obtained a loan that enabled Julie to attend Maple Woods Community College where she completed nine credit hours. In the spring 2002 semester, Julie enrolled in and completed twelve credit hours at Maple Woods. However, in the fall of 2002, Julie did not enroll because she was unable to obtain additional student loans.

In May and June 2001, Mr. Perry's attorney sent a letter each month to Ms. Perry to ascertain Julie's enrollment status at college. Ms. Perry did not respond to either letter.

In September 2001, Mr. Perry filed a Motion to Modify Child Support Due to Emancipation asserting that since Julie had not enrolled in college by October 1, 2000, she was emancipated. Further, Mr. Perry requested a refund for child support overpayments. Ms. Perry filed a Cross–Motion arguing that the current child support was inadequate due to higher-education costs for Julie and higher costs generally for James.

A hearing was held on September 19, 2002, in the Circuit Court of Platte County, Missouri. Mr. Perry testified that Julie would have been able to qualify for Missouri A+ higher-education financial assistance but had "voluntarily" disqualified herself from that program by failing to meet the attendance requirements for eligibility.

Julie testified about her college attendance, and the failed attempts to obtain financial aid for the fall 2000 and fall 2002 and stated that Ms. Perry told her that Mr. Perry would not help with her college education.

Ms. Perry testified that neither she nor Julie's high school counselor had been able to obtain financial aid for Julie for the fall semester of 2000 because aid applications required the inclusion of Mr. Perry's income, which disqualified Julie from receiving aid. She could not obtain a loan for the fall 2002 because of previous outstanding student loans. Ms. Perry also stated that Mr. Perry had refused to help with Julie's college education.

The motion court found that Julie had enrolled in and was attending a post-secondary school but that, due to her inability to support herself and her lack of finances, she had postponed her college education in order to work full-time and save enough money to attend college later. The motion court denied Mr. Perry's Motion to terminate child support for Julie but ordered

that, if Julie was not enrolled in and attending classes full-time by January 15, 2003, then she would be emancipated as of December 31, 2002. The motion court ordered Mr. Perry to pay child support of $900 a month beginning November 1, 2002, but subject to reduction to $600 a month once Julie is emancipated.

Mr. Perry appeals the motion court's denial of his Motion to Modify Child Support Due to Emancipation and appeals the motion court's denial of reimbursement for his overpayment of child support since Julie's alleged emancipation.

## II. STANDARD OF REVIEW

In a court-tried civil case, we will affirm the decision of the motion court unless the decision is not supported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). When reviewing a motion court's ruling on a motion to terminate child support, we defer to the motion court's determinations of credibility, viewing the evidence and permissible inferences in the light most favorable to the motion court's decision, and disregard all contrary evidence. *Peace v. Peace,* 31 S.W.3d 467, 470–71 (Mo.App. W.D.2000).

## III. LEGAL ANALYSIS

In Point I, Mr. Perry asserts that the motion court erred in denying his Motion to Modify because there was not substantial evidence to support the motion court's finding that the financial inability of Julie to attend college was a manifest circumstance permitting a waiver of the requirement under Section 452.340.5,[1] that a child be attending a vocational or higher-education institution by October 1st follow-

ing that child's graduation from high school for that child to be entitled to continued child support. Mr. Perry also asserts that Julie worked full time, that Julie had income to apply toward college expenses, and that Julie had made no serious effort to obtain financial assistance from any available sources.

Section 452.340.5 provides in pertinent part:

If when a child reaches age eighteen, the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend and progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course. *If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection.* (emphasis added).

Missouri Courts have liberally construed the provisions of Section 452.340.5 to be consistent with the public policy interest of encouraging children to pursue higher education. *Draper v. Draper,* 982 S.W.2d 289, 294 (Mo.App. W.D.1998). "Even if attendance is not continuous, a court may find that a parent's support obligation shall continue if all of the following elements are present: (1) the interruption from enrollment is temporary; (2) there is an evident intent to re-enroll; and (3) there are manifest circumstances which prevented continuous enrollment." *Harris v. Williams,* 72 S.W.3d 621, 624 (Mo.App. E.D.2002). The *Harris* case is similar to this case because the manifest circumstance that is at issue is financial inability of a child to continue his higher education. In *Harris,* a child's six-month departure from college to enlist in and train for the National Guard was found to be a manifest circumstance because he had successfully completed one-third of the degree program before he withdrew since he could not afford to continue. *Id.* at 623, 625 He was not aware of other sources for financial aid or how to apply for them, and his sole reason for enlisting in the National Guard was to gain the financial resources which would enable him to pursue his college education. *Id.* at 624–25. The manifest circumstance of financial inability was found in that case to be beyond the child's control and, therefore, the "continuous enrollment" requirement of Section 452.340.5 was waived. *Id.* at 625.

A finding of manifest circumstances can allow a motion court to waive the October 1st enrollment requirement of Section 452.340.5 and can constitute justification for less than continuous enrollment such that a court will not emancipate such a child when manifest circumstances exist coupled with a temporary interruption and the child's evident intent to re-enroll. In other words, when manifest circumstances are found, where a child may not be able to enroll immediately after high school or where a child may not be able to attend a post-secondary institution continuously, a parent's child-support obligations do not terminate but rather continue until the child either completes their post-secondary education or attains age twenty-two. The key issue in order to find such a manifest circumstance is whether the situation is beyond the control of the child. *Harris,* 72 S.W.3d at 624. In other words, did alternatives still exist which the child could have pursued to start or complete their education. "Manifest circumstances are those situations beyond a child's control." *Id.*

It is clear from the record that Julie was financially challenged in her attempt to attend college immediately after high school. However, Julie worked full-time during the summer of 2000. Julie testified that she earned about $17,000 a year. This means that Julie earned about $4,200 over the summer of 2000. She testified that tuition at Maple Woods would have been about $1,600 a semester in 2000. Since Julie was living at home and had no direct living expenses, she could have afforded to at least start college in fall 2000.

So while Julie's interruption from enrollment was temporary and she had an evident intent to re-enroll after attending college in fall 2001 and winter 2002, we find that a manifest circumstance of financial inability to initially enroll in college did not

exist. Therefore, the motion court erred as a matter of law in finding that Julie lacked the financial ability to attend college. The motion court erred in allowing a waiver of the statutory requirement of Section 452.340.5. In this case, Julie had alternative funding—her own income. Furthermore, Ms. Perry could have filed a Motion to Modify requesting increased child support if the current child support was insufficient to meet the additional expenses of funding a college education.

Here, the motion court's finding of a manifest circumstance was not supported by the weight of the evidence or substantial evidence in the record. There was evidence to show that Julie had financial difficulty, but there was insufficient evidence to show that a manifest circumstance of financial inability existed that was beyond the child's control. Point I is granted.

■ In Point II, Mr. Perry argues that the motion court erred in denying the portion of his Motion where he asked for a refund of child support overpayments since he asserted that Julie had been emancipated as of October 2000. Mr. Perry contends that Ms. Perry breached her duty to inform him of Julie's emancipation pursuant to Section 452.370.4. Hence, he was entitled to a refund for all child support paid on behalf of Julie after October 2000. Mr. Perry asserts that he should have been awarded $4,614 in overpayments.

Section 452.370.4 provides:

Unless otherwise agreed in writing or expressly provided in the judgment, provisions for the support of a child are terminated by emancipation of the child. The parent entitled to receive child support shall have the duty to notify the parent obligated to pay support of the child's emancipation and failing to do so, the parent entitled to receive child support shall be liable to the parent obligat-

ed to pay support for child support paid following emancipation of a minor child, plus interest.

■ The use of the word "shall" in Section 452.370.4 indicates a mandatory duty of the custodial parent to notify the non-custodial parent when a child may be emancipated. *Smith v. Smith,* 17 S.W.3d 592, 598 (Mo.App. W.D.2000). Where a custodial parent fails to give the required notice, that parent is responsible for child support paid subsequent to the actual date of emancipation. *Id.*

In this case, since Point I is granted, Point II is a foregone conclusion. The requirements of Section 452.370.4 are clear. The statute "provides a bright line, mandatory rule...." *Rohner v. Long,* 57 S.W.3d 920, 923 (Mo.App. S.D.2001). Since Ms. Perry did not notify Mr. Perry of Julie's emancipation and did not reply to requests from Mr. Perry regarding Julie's status, the motion court erred as a matter of law in not awarding the overpayments to Mr. Perry. Point II is granted and the motion court's decision is reversed and remanded for a determination of the amount of child support overpayments owed to Mr. Perry. The record does not provide sufficient information for this court to determine the appropriate amount.

PAUL M. SPINDEN, P.J., and RONALD R. HOLLIGER, JJ. concur.