**David C. GARRISON, Appellant,**

**v.**

**Patricia S. GARRISON, Respondent.**

**No. WD 63047.**

Missouri Court of Appeals,
Western District.

Nov. 9, 2004.

Michael Blum, Columbia, for Appellant.

Ronald J. Prenger, Jefferson City, for Respondent.

Before SPINDEN, P.J., HOLLIGER and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

David Garrison appeals from a judgment granting his motion to terminate child support based upon the emancipation of his daughter, Jennifer. He contends the trial court erred in determining the date of emancipation and in failing to award his attorney's fees. We reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

The marriage of David Garrison (Father) and Patricia Garrison (Mother) was dissolved on June 25, 1998. The dissolution judgment awarded the parties joint legal custody of their daughter, Jennifer, born August 1, 1984, and ordered Father to pay child support of $290 monthly. The judgment was later modified to increase Father's child support obligation to $440 per month beginning September 1, 2000.

On January 10, 2003, Father filed a motion to terminate child support and for reimbursement of child support overpayment, costs, and attorney's fees. The motion alleged Jennifer was emancipated on May 30, 2002, when she "joined the U.S. Army" and was no longer subject to parental control. The circuit court held a hearing on the motion, at which Father and Jennifer testified.

Viewed in a light most favorable to the judgment, the evidence at the hearing was as follows. Jennifer graduated from high school in May 2002 at the age of 17. She joined the U.S. Army Reserves and entered basic training on May 30, 2002, just six days following her graduation. She decided to join the military because of the educational financial aid benefits. Jennifer planned to complete the training required to qualify her for reserve duty and then use the financial aid to pursue a nursing degree at Lincoln University beginning in January 2003. She discussed her plans to join the Army Reserves with both parents. Because Jennifer was only seventeen, Mother agreed to sign a parental consent form necessary for enlistees under the age of 18. Father told Jennifer the Army Reserves was a good opportunity and had no objection to her decision.

Jennifer finished basic training and then took Advanced Individual Training in food services. She completed all of the Army Reserves training on October 21, 2002, and returned to her mother's home. During the final week of her training, Jennifer became engaged to another member of the armed forces. The couple was married on January 15, 2003. Jennifer did not apply to or enroll in any college at any time prior to her marriage.

Following the hearing on Father's motion, the circuit court entered judgment terminating the child support as of October 1, 2002. The court found that Jennifer "had a genuine intent to pursue a college education using financial assistance from the military, but that military duty prevented her enrollment in college in August 2002[.]" The court declared Jennifer was emancipated when she failed to enroll in a post-secondary school by October 1, 2002. The judgment ordered Mother to reimburse Father for all child support paid on or after that date. Costs were taxed against Father. Father appeals.

### STANDARD OF REVIEW

■ Our review of a trial court's judgment on a motion to terminate child support is limited to determining whether the judgment is supported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law. *In re Marriage of Glueck*, 913 S.W.2d 951, 954 (Mo.App.1996). We must defer to the trial court's determinations of credibility and view the evidence and all reasonable inferences in a light most favorable to its decision. *Id.*

### EMANCIPATION

■ In his first point on appeal, Father contends the trial court's finding that Jennifer was emancipated as of October 1, 2002, is against the weight of the evidence. He argues the evidence supports a determination, pursuant to Section 452.340,[1] that Jennifer was emancipated on May 30, 2002, when she entered active military service and Mother consented to relinquish parental control.

■ Section 452.340 provides in relevant part:

3. Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:

. . .

(3) Enters active duty in the military;

(4) Becomes self-supporting, provided that the custodial parent has relinquished the child from parental control by express or implied consent;

(5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply; . . . .

5. . . . If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program . . . the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs. . . . If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection.

This statute creates a presumption that child support terminates when the child begins active military service or upon express relinquishment of parental control *unless* the circuit court finds that the child's circumstances manifestly dictate otherwise. "Manifest circumstances are those situations beyond a child's control." *Perry v. Perry*, 114 S.W.3d 865, 868 (Mo. App.2003)

---

1. All statutory references are to Revised Statutes of Missouri (2000) unless otherwise noted.

The circuit court's judgment found that Jennifer was on active military duty from May 30, 2002 until October 21, 2002. Despite her active military status, the court found that Jennifer was not emancipated on May 30, 2002, because she had a genuine intent to use the educational assistance benefits from her military service to attend college. The court further found that military duty prevented her from enrolling in college in August 2002, and that she was emancipated when she failed to enroll in college by October 1, 2002. Although the court did not "specifically" state that manifest circumstances existed (as required by Section 452.340.3), it implicitly found that Jennifer's intent to use her military benefits to pay for college was sufficient to overcome the presumption that she was emancipated when she went on active military duty.

The issue on appeal is whether the court's implicit finding of manifest circumstances is against the weight of the evidence. We have found no cases interpreting the manifest circumstances requirement in Section 452.340.3; however, cases addressing a similar requirement under Section 452.340.5 (for waiving the October 1 college enrollment deadline or continuous enrollment provision) are instructive. *Harris v. Williams,* 72 S.W.3d 621 (Mo.App.2002); *Perry,* 114 S.W.3d 865.

In *Harris,* 72 S.W.3d at 624, a child dropped out of vocational school for six months to attend a National Guard basic training course as a means of obtaining tuition assistance to complete his degree program. The child's father sought to terminate child support based on emancipation when the child dropped out of school. *Id.* at 623. Section 452.340.5 requires continuous enrollment in a college or vocational school to qualify for child support; however, that requirement can be waived if the court finds "manifest circumstances prevented the child from attending school." *Id.* at 624–25. The circuit court found manifest circumstances to deny the termination motion because the child was unable to get student loans and could not afford further tuition without the military assistance. *Id.* at 624. The appeals court affirmed, finding that "the factors contributing to the [c]hild's withdrawl from school and enlistment in the National Guard were external and beyond his control." *Id.* at 625.

In *Perry,* 114 S.W.3d at 866, a father filed a motion to terminate child support after his daughter graduated from high school in May 2000 and failed to enroll in college or vocational school by October 1, 2000. The circuit court denied the motion, finding manifest circumstances based on the child's testimony that she was disqualified for student loans due to her father's income and that she needed to work for a year to earn money for tuition. *Id.* The decision was reversed on appeal, in light of evidence that the child had earned sufficient funds during her summer employment to pay her first semester tuition and related expenses. *Id.* at 868. The appeals court concluded manifest circumstances did not exist because there was no substantial evidence the child lacked the financial ability to attend college. *Id.* at 869.

■ *Harris* and *Perry* illustrate that the key issue in determining manifest circumstances is whether the financial roadblock to post-secondary education is beyond the control of the child. If the child had alternative means of funding college or vocational education or failed to explore reasonable alternatives, the situation cannot be deemed beyond his or her control. Manifest circumstances arise from an "external factor that causes the child to be unable, as opposed to unwilling," to afford

the timely pursuit of a post-secondary education. *Harris,* 72 S.W.3d at 624.

■■ Father had the burden of proving emancipation under Section 452.340.3. *Porath v. McVey,* 884 S.W.2d 692, 693 (Mo.App.1994). He met that burden with undisputed evidence that Jennifer entered active duty in the military on May 30, 2002. The evidence established a presumption of emancipation, which could be overcome only with a showing of manifest circumstances. Jennifer's testimony that she planned to join the military in order to qualify for educational assistance benefits was insufficient to overcome the statutory presumption. No evidence was produced to show that Jennifer could not afford to attend college without joining the U.S. Army Reserves. Even viewed in a light most favorable to the judgment, nothing in the record allows an inference that Jennifer could not qualify for non-military student loans or had insufficient family resources to finance her education. Manifest circumstances did not exist because there was no showing that Jennifer delayed enrolling in college and entered active military duty due to a financial situation beyond her control.

The circuit court's finding that Jennifer was emancipated when she failed to enroll in college by October 1, 2002, is unsupported by substantial evidence and is against the weight of the evidence. The evidence supports a determination that emancipation occurred four months earlier, on May 30, 2002, when Jennifer chose to enter active military duty.[2] Father's child support obligation should have terminated on

that date. Accordingly, the circuit court's judgment is reversed and remanded for determination of the overpayment owed to Father.

## ATTORNEY'S FEES AND COSTS

In his second point, Father challenges the denial of his request for attorney's fees and costs. Father contends he was entitled to recover fees and costs, pursuant to Section 452.355.1,[3] based on Mother's misconduct in failing to properly notify him of Jennifer's emancipation. No specific findings were made, but it seems likely the circuit court's denial of fees and costs was grounded in its incorrect determination that Jennifer was emancipated as of October 1, 2002. Mother had stipulated that emancipation occurred no later than October 21, 2002, and, thus, the court reasonably could have concluded there was no misconduct. It is unclear whether the circuit court would have denied Father's request if it had correctly applied the emancipation date of May, 30, 2002. Thus, on remand the circuit court shall reconsider and make findings regarding Father's request for attorney's fees and costs.

## CONCLUSION

The judgment of the circuit court is reversed with regard to the date of emancipation and determination of overpayment, attorney's fees, and costs. The cause is remanded for reconsideration of Father's motion for overpayment reimbursement, attorney's fees, and costs,

---

2. In light of our finding in Father's favor on this point, we need not address his additional argument that emancipation occurred when Mother relinquished parental control by signing the written consent to allow Jennifer to enter the military on May 30, 2002.

3. Section 452.355.1 gives the circuit court discretion to award a party's attorney's fees and costs after "considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action . . ."

based on an emancipation and child support termination date of May 30, 2002.

All concur.