Rosemary GRIFFITH, Respondent,

v.

Timothy GRIFFITH, Appellant.

No. WD 63954.

Missouri Court of Appeals, Western District.

March 29, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 2005.

Before BRECKENRIDGE, P.J.,
LOWENSTEIN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Timothy Griffith appeals from a judgment increasing his child support payment and denying his motion to terminate child support. He contends the trial court erred, as a matter of law, in failing to emancipate his daughter, Alison. We reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

The marriage of Timothy Griffith (Father) and Rosemary Griffith (Mother) was

dissolved on September 6, 1988. The dissolution judgment awarded the parties joint legal custody of their two minor children, Jason and Alison, with physical custody to Mother. Father was ordered to pay $850 per month in child support until Jason was emancipated, at which time he was ordered to pay $425 per month for the remaining unemancipated child, Alison, born November 14, 1984. The judgment was later modified to increase Father's child support to $798 per month.

On March 28, 2003, Father filed a motion to terminate child support because Alison was 18 years old, had graduated from high school, and had failed to provide him a transcript or other official documentation to indicate she was attending college. Father contended Alison was emancipated and no longer eligible for child support pursuant to Section 452.340. Mother denied the allegations and filed a counter motion seeking an increase in child support.

Father, Mother, and Alison testified at trial. The evidence was undisputed that Alison graduated from high school in May 2002, at the end of her junior year when she was seventeen years old. She had earned three college credits while still in high school. She earned six hours of credit at Maple Woods Community College in the fall 2002 semester, during which time she celebrated her eighteenth birthday. In the spring 2003 semester, Alison worked fifteen to twenty hours a week as a personal trainer and enrolled in a college course for only three credit hours, but did not receive credit for the course. The following summer session, she earned six hours of college credit; and in the fall 2003, an additional twelve hours.

Following a hearing on the motions, the circuit court determined that Alison's failure to complete twelve hours of college credit during the spring 2003 semester was a temporary interruption because she clearly intended to re-enroll for full-time attendance in the fall 2003. The court denied Father's request to declare Alison emancipated but abated the child support from January to May 2003, during the semester when she did not earn any college credits. The court also granted Mother's motion to modify and increased Father's child support obligation to $1,161 per month, effective February 1, 2004. The judgment awarded Mother $2,200 in attorney's fees.

Father appeals the child support determination but does not challenge the award of attorney's fees.

## Standard of Review

■ Our review of a trial court's judgment on a motion to terminate child support is limited to determining whether the judgment is supported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law. *Garrison v. Garrison*, 147 S.W.3d 925, 928 (Mo.App.2004). We must view the evidence in a light most favorable to the judgment, giving deference to the trial court's credibility determinations. *Id.* No deference is owed, however, to questions of law, which we review *de novo*. *Gordon v. Gordon*, 924 S.W.2d 529, 535 (Mo.App.1996).

## Emancipation

■ In his sole point on appeal, Father contends the trial court erred as a matter of law in failing to emancipate Alison based on her failure to complete twelve hours of college credit in the semester following her eighteenth birthday. Father argues the court was required to terminate the child support obligation for Alison, pursuant to Section 452.340, because there was no evidence of manifest circumstances that prevented her from

continuing her college education in the spring 2003 semester.

■ Section 452.340 provides in relevant part:

3. Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:

. . .

(5) Reaches age eighteen, unless the provisions of subsection 4 or 5 apply;

. . .

5. ... If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever occurs first.

This statute creates a presumption that child support will terminate if the child does not maintain the credit hours and grades *unless* the trial court finds the child's circumstances manifestly dictate otherwise. "Manifest circumstances are those situations beyond a child's control." *Perry v. Perry,* 114 S.W.3d 865, 868 (Mo. App.2003).

■ Courts have included the "manifest circumstances" requirement as an element in determining whether emancipation occurs when a child's college attendance is interrupted. *Id.* A court may find that a parent's support obligation shall continue if all of the following elements are present: (1) the interruption from enrollment is temporary; (2) there is an evident intent to re-enroll; and (3) there are manifest circumstances which prevented continuous enrollment. *Harris v. Williams,* 72 S.W.3d 621, 624 (Mo.App.2002).

The parties do not dispute that the first two elements were established at trial. The issue on appeal is whether "manifest circumstances" existed requiring Alison to work and thereby preventing her from completing any course work in the spring 2003 semester. The court made no finding of "manifest circumstances." In fact, in ordering abatement of child support for that semester, the trial judge stated, "I don't know what the circumstances were."

■ The *Harris* and *Perry* cases illustrate that the key issue in determining manifest circumstances is whether a financial roadblock to post-secondary education is beyond the control of the child. If the child had alternative means of funding, or failed to explore reasonable alternatives, the situation is not deemed beyond her control, for manifest circumstances are those which arise from an external factor causing the child to be unable, as opposed to unwilling, to afford timely pursuit of her education. *Garrison,* 147 S.W.3d at 929–30.

Wife argues on appeal that it was necessary for Alison to work during the spring 2003 semester in order to pay for her future educational expenses. However, there is nothing in the record to support this contention, even when the evidence is viewed in a light most favorable to the judgment.

The evidence at trial established that Alison was living at home with her Mother during the relevant period. Father was current on his child support. Father had also established a "gift for minors" account

that was to be used for Alison's education, pursuant to the dissolution decree. Alison met with Father periodically to withdraw money from the account to pay for her tuition and books, and the account had a balance of $2,800 at the time of trial. There is no evidence to indicate Alison did not have sufficient resources to pay her educational expenses or that she had to work, for reasons beyond her control, in order to continue her education. The record does not support a finding of manifest circumstances.

Father established a *prima facia* case for emancipation by presenting evidence that Alison failed to complete twelve hours of college credit during the first semester following her eighteenth birthday. Mother failed to overcome the presumptive emancipation with evidence of manifest circumstances that prevented Alison from continuing her college education for reasons beyond her control. Pursuant to Section 452.340, the trial court was mandated to terminate Father's child support obligation as of January 2003, when Alison was emancipated by virtue of her failure to enroll for the minimum amount of college credit.

The child support award must be vacated because the trial court erroneously applied the law in determining that Alison's temporary interruption from college and clear intent to re-enroll were sufficient grounds to deny Father's motion to terminate child support. We acknowledge the harshness of this result but the statutory requirement of "manifest circumstances" leaves no alternative in light of the evidence presented.

The judgment is reversed as to the child support award and the cause remanded to the trial court for determination of any refund due to Father as a result of child support overpayments beyond the January 2003 emancipation date, as available under Section 452.370.4.[1] The award of attorney's fees to Mother is unchallenged and will not be disturbed, as the trial court had discretion to award such fees upon consideration of the relevant factors in Section 452.355.1, regardless of whether Mother was the prevailing party. *Morton v. Myers*, 21 S.W.3d 99, 109 (Mo.App.2000).

Mother's motion for attorney's fees on appeal is denied.

BRECKENRIDGE, J. concurs.

LOWENSTEIN, J. concurs in part and dissents in part in separate opinion.

HAROLD L. LOWENSTEIN, Judge.

A recent social commentary laments a system that allows the arithmetic by which things are counted to become more important than the things being counted. The same can be said here by strictly complying with the statute at hand. By strictly adhering to Section 452.340.5, Missouri citizens can be assured that it will be unnecessarily difficult for this young woman to become a nurse. No one can quibble with the conclusion that the record does not contain direct evidence explaining Daughter's "lost semester" in the spring of 2003. One can quibble, however, with the conclusion that the legislature intended to deny support to a student who graduated from high school early, began taking college courses immediately thereafter, and worked fifteen to twenty hours per week,

---

1. Although Mother argues Father waived any claim for repayment by failing to raise it at trial or in his point on appeal, such relief is a statutory consequence of Father prevailing on his motion to terminate child support under Section 452.370.4. Because Mother failed to notify Father of Alison's emancipation, the statute provides that she is liable to Father for any child support he paid after the date of emancipation, plus interest.

while living with her mother. Application of the statute results in Daughter's emancipation and is counterproductive to all concerned. Although the statute must be followed, it should be amended. For this reason, I concur in the result of emancipation but dissent on appellate costs and attorney's fees.

The law sets forth three requirements for determining whether a child is excused from completing the requisite number of college hours per semester. Here, the "manifest circumstances" requirement has not, on its face, been satisfied; however, this should not end the inquiry.

Beyond the surface, there are intangible facts that cry out for affirming the judgment. This case involves a mother who works as a nurse for the county and makes $3,100 per month. Although Father grosses more than $159,000 a year, he pays less than $800 per month in child support, and has set up an account for his daughter with a balance of less than $3,000. Daughter lives at home with Mother and works fifteen to twenty hours per week. She has consistently demonstrated a pattern of being a serious student. Daughter took six hours of college-level courses during her last year in high school, three hours the following summer, and another six hours during the fall semester in which she turned 18. Daughter wants to be a nurse, a profession not easily entered into nor filled to overflowing.

Strict compliance with the statute results in Daughter no longer receiving support from Father. It will be more difficult for Daughter to afford the costs of attending college, resulting in one less potential nurse. The trial court issued a sensible and fair judgment by abating support for the semester when Daughter enrolled in only one class but wallowed in the morass of algebra. The court's approach would not lead to a squandering of Father's mon-

ey. Instead, it would support Daughter, who, rather than giving up after a disastrous semester, continued with college, completed twelve hours during the fall semester, and had enrolled for twelve additional hours the semester the motion was heard.

Careful planning would have allowed algebra to be postponed until a more feasible time. Mother and Daughter, however, like many in their situation, did not have the resources to carefully plan so as to avoid termination of child support. Here, the decision to take less than the necessary number of hours following Daughter's 18th birthday resulted in terminating her support for college. Other than algebra, Daughter has received B's in all courses taken while in high school or at college.

The legislature seemingly intended the law to extend the period during which child support is owed beyond the time a child turns 18, so as to allow a reasonable, steady, and inevitable march toward advanced education. Here, this purpose has been thwarted. Daughter started the march before most, but because she unfortunately stumbled during a critical semester, all child support has been terminated.

The facts of each case are different. Suffice it to say, this is not a case where the child quit during the semester because of problems with a boyfriend, *Draper v. Draper*, 982 S.W.2d 289, 294 (Mo.App. 1998), or of a mistaken idea as to prerequisites for taking a course, *Meuschke v. Jones*, 134 S.W.3d 783, 788–89 (Mo.App. 2004). The trial court should have been free to infer that Daughter was a diligent student who sought the benefits of higher education and was on a path at a relatively young age to graduate, and that she was not merely plodding through an easy curriculum to scam Father out of money.

The legal system survives by allowing trial judges to make fair and reasonable decisions. This is precisely what the trial judge did in this case. If the law as written; i.e., the language stating "circumstances manifestly dictate," must result in the drastic remedy of emancipation, then the legislature should rewrite Section 452.340 so that a trial judge is not compelled to reach such a conclusion.

The general assembly could amend the present language to exempt a child, who for instance, graduates from high school early and takes college credit while working, from being penalized when a temporary blip in college course work occurs. Language permitting a trial judge to abate support during a period when steady and earnest college education is evident would be welcomed. For example, the legislature could insert the following provision: "When the judge is firmly convinced on the evidence that the child has pursued a path of continuous attendance and will continue to do so, then the court may, instead of declaring the child emancipated, enter a judgment abating support for a period of up to five months." Consequently, the all-or-nothing decision would be avoided. If such an amendment would lead to children taking more college credits in high school, working fifteen to twenty hours a week, both before and after turning 18, and picking themselves up after stumbling over a difficult course, then so be it. The policy of this state is to encourage children to pursue higher education. *Perry v. Perry,* 114 S.W.3d 865, 868 (Mo.App.2003).

Mother's attorney's fees and costs should be awarded by this court for her appellate expenses. While part of her efforts have now been held for naught, Mother's position on the emancipation issue has merit and considering the relevant factors, she should not have to accept the burden of those costs and fees here. *Mor-*

*ton v. Myers,* 21 S.W.3d 99, 108–09 (Mo. App.2000).

I, therefore, most reluctantly concur with the majority opinion on the issue of emancipation. I would award mother reasonable fees for her attorney and for costs on appeal.