**Melissa BURKE, Appellant,**

v.

**Earl HUTTO, Respondent.**

**No. ED 89526.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 20, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 7, 2008.

Application for Transfer Denied
Feb. 19, 2008.

Susan M. Hais, Robert Dennis, Clayton, MO, for appellant.

Jonathan D. Marks, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Melissa Burke ("mother") appeals the judgment of the trial court granting the motion of Earl Hutto ("father") to terminate child support[1]. Mother claims the court erred in terminating father's child support obligation because the judgment is contrary to Missouri law. We reverse and remand.

Mother and father's marriage was dissolved by a judgment in the superior court of California in 1991. The judgment of dissolution ordered father to pay mother child support for their minor child, S.E.H. The California court later modified father's obligation and ordered father to pay mother an increased amount of child support. Mother and S.E.H. moved to Missouri and father moved to Georgia. In 1994, mother filed the California judgment in Missouri. Mother subsequently filed a motion to modify child support in the circuit court of St. Louis County, seeking increased child support and an order requiring father to pay fifty percent of the post-secondary education costs for S.E.H. The court granted mother's motion to modify and increased father's child support obligation. The court also ordered father to pay fifty percent of the post-secondary educational costs. Several years later, father filed an affidavit for termination of child support, alleging that pursuant to the law of the state of California, S.E.H. was emancipated as of his nineteenth birthday. The trial court entered its judgment terminating child support, finding that father's child support obligation was controlled by the Uniform Reciprocal Enforcement of Support Law ("URESA")[2]. Mother now appeals.

We review the judgment of the trial court terminating child support to determine only whether it is supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Griffith v. Griffith,* 163 S.W.3d 464, 466 (Mo.App. 2005). We give deference to the trial court's determinations of credibility; however, no deference is owed to questions of law which we review *de novo. Id.*

In her sole point on appeal, mother argues that the trial court erred in terminating father's child support obligation because the judgment is contrary to Missouri law. Specifically, mother claims that sec-

1. Father's motion to dismiss the appeal as moot is denied without prejudice.

2. The URESA has since been replaced by the Uniform Interstate Family Support Act ("UIFSA"). Pursuant to section 454.360 RSMo (2000), all cases filed or received in Missouri after January 1, 1997 will be governed by the provisions of UIFSA, and sections 454.850 to 454.980 shall apply.

tion 452.340 RSMo (Cum.Supp.2007)[3] applies, and pursuant to the statute, father's support obligation should not be terminated.

Initially we note that father argues the prior judgment of modification, upon which mother bases much of her claim, is void for lack of personal jurisdiction. Mother responds by claiming this is a collateral attack upon the modification judgment because father failed to appeal that judgment. Generally a final judgment is immune from collateral attack. *Travis v. Contico Intern., Inc.,* 928 S.W.2d 367, 369 (Mo.App.1996). However, a judgment rendered by a court without personal jurisdiction over a party is void and may be collaterally attacked. *Maul v. Maul,* 103 S.W.3d 819, 820 (Mo.App.2003). Because the modification judgment ordering father to pay half of the post-secondary education costs for S.E.H. serves as the basis for mother's argument that Missouri law applies to extend father's support obligation, we must first consider whether the trial court had personal jurisdiction over father to enter the judgment of modification before considering the merits of mother's point on appeal.

In the present case, father filed an answer by special appearance in response to mother's motion to modify. In his response, father challenged the trial court's personal jurisdiction over him. No further proceedings took place on father's challenge to personal jurisdiction, and the trial court entered its judgment of modification. Father did not appeal the judgment of modification. A wage withholding was subsequently ordered to satisfy father's support obligation pursuant to the modification judgment, and father did not challenge this withholding. Father paid the modified child support amount without complaint, and he ultimately sought affir-

mative relief from the Missouri courts when he filed his affidavit for termination of the modified child support. He did not raise any challenge to the trial court's jurisdiction to modify child support in seeking termination of the modified amount. Father now asks that we affirm the judgment terminating the modified support amount.

We note that the defense of lack of personal jurisdiction can be waived by "submission through conduct." *Gletzer v. Harris,* 159 S.W.3d 462, 465 (Mo.App.2005). Additionally, a potentially void judgment may be impeached in any proceeding in which it is sought to be enforced or in which its validity is questioned. *Travis,* 928 S.W.2d at 370. However, father did not seek to impeach the modification judgment at the time it was sought to be enforced through the notice of wage withholding, nor did he seek to impeach the judgment when he sought to terminate the modified support. Thus, we find, based upon the particular facts and circumstances of this case, that father effectively submitted to the personal jurisdiction of the trial court through his conduct in failing to challenge the modification and wage withholding, and in seeking affirmative relief from the court without challenging the modification judgment. Thus, the trial court had personal jurisdiction over father to enter its modification judgment.

The modification judgment increased father's monthly child support obligation and ordered father to pay half of the cost of each year for S.E.H. to attend "a post secondary college, university, or vocational/technical school, state or private...." Pursuant to section 452.340.5, if a child is enrolled in "an institution of vocational or higher education," which means any post-secondary schooling or

---

**3.** All further statutory references are to RSMo (Cum.Supp.2007), unless otherwise indicated.

training, the child support obligation shall continue until the child completes his or her education or until the child reaches the age of twenty-two, whichever occurs first. Mother claims that this provision applies to extend father's child support obligation until S.E.H. is twenty-two. Father claims that pursuant to the URESA, the law of Georgia, the state where he has resided since 1994, applies, and his support obligation was properly terminated because S.E.H. was considered emancipated at age eighteen pursuant to Georgia law.

In its judgment, the trial court determined that father's obligation to pay child support is controlled by the URESA. We believe this conclusion is erroneous. The stated purpose of the URESA, as set forth in section 454.010 RSMo (2000), is one concerning enforcement of duties of support. "The URESA is designed to facilitate the enforcement of child support obligations across state lines." *Michigan Dept. of Social Services ex rel. D.H. v. K.S.*, 875 S.W.2d 597, 599 (Mo.App.1994). The present action was not initiated by mother in an attempt to enforce father's child support obligation in the state of Georgia. Instead, the action in question was initiated by father in the state of Missouri to terminate his obligation under a modification judgment entered by a Missouri court which had personal jurisdiction over father. Therefore, we are not persuaded that the provisions of the URESA apply here.

Moreover, we believe the decision in *Lewis v. Roskin*, 895 S.W.2d 190, 197 (Mo. App.1995), a case heavily relied upon by mother, to be instructive. In *Lewis*, the court was faced with similar facts as those presented here. In *Lewis*, the marriage of the parties was dissolved in Texas. The Texas decree provided that child support

payments would terminate when the minor child reached eighteen. Missouri subsequently modified the Texas decree and extended the support obligation until the minor child reached the age of twenty-two or completed his college education. The mother and the minor child resided in Missouri, and the father resided in New Jersey at the time of the hearing regarding the modification. The court found that Missouri's interest in protecting the welfare of its resident child outweighed the interest of the issuing state of Texas in protecting its sovereignty. *Id.* at 197. As a result, the court held that the full faith and credit clause of the United States Constitution [4] did not prohibit the application of Missouri law regarding the age of termination of support and did not err in extending child support until the minor child reached the age of twenty-two or completed college. *Id.*

◼ In addition, although the analysis in *Lewis* centered on the application of Missouri law under the full faith and credit clause, the underlying order which the father sought to modify was based upon an administrative order for support pursuant to the URESA. The father in *Lewis* resided in New Jersey while the mother and minor child resided in Missouri; however, the court in *Lewis* did not apply New Jersey law as father here would claim was dictated by section 454.070 of the URESA. Instead, the *Lewis* court applied Missouri law and concluded that extending the support did not violate the full faith and credit clause. As a result, even if it could be argued that the URESA does apply to the present case, we agree with the conclusions of the *Lewis* court, and find that the interest of Missouri in the welfare of its resident child outweighs the interest of Georgia, where father resides, in protect-

---

4. Article IV, section I of the constitution requires that, "Full Faith and Credit shall be given in each State to the Public Acts, Records, and judicial Proceedings of every other State."

ing its sovereignty. Thus, the trial court erred in terminating child support.

The judgment of the trial court is reversed and remanded with instructions to deny father's motion to terminate support and to reinstate the support order entered May 14, 2003.

ROY L. RICHTER and GLENN A. NORTON, JJ., concur.