In Re the Marriage of Marsha Ann (Wood) MAGGI and Brian Allen WOOD, Marsha Ann (Wood) Maggi, Petitioner–Respondent,

v.

Brian Allen Wood, Respondent–Appellant.

No. 28458.

Missouri Court of Appeals, Southern District, Division One.

Jan. 31, 2008.

Roy Eugene Williams, Jr., West Plains, MO, for Appellant.

Jacob Yadon Garrett, West Plains, MO, for Respondent.

JEFFREY W. BATES, Judge.

Brian Wood (Father) appeals from a judgment ordering him to pay retroactive child support to Marsha Wood (Mother) for their child, Chelsea Wood (Daughter).

Father contends that the trial court misapplied § 452.340.5 because: (1) Daughter became emancipated as of January 1, 2004, after failing to satisfy the minimum college credit-hour requirements prescribed in this statute; and (2) neither she nor Mother provided Father with a transcript or similar official document so as to remain eligible for continued child support.[1] Because Father's first point has merit, this Court is required to reverse the judgment and remand the case with directions to enter a judgment for Father.

The marriage of Father and Mother was dissolved in December 1989. Daughter was then approximately four and one-half years old. The judgment ordered Father to pay $170 per month in child support to Mother.

In May 2003, Daughter became 18 years of age and graduated from high school. That same month, the Division of Child Support Enforcement (DCSE) entered an administrative order increasing Father's child support obligation to $569 per month and making that obligation retroactive to January 1, 2003. In August 2003, the trial court modified the judgment to reflect the new child support obligation. Thereafter, Mother received a lump sum payment from Father for all past due child support.

After graduating from high school, Daughter enrolled at Southwest Missouri State University (SMSU) for the Fall 2003 semester.[2] She also began working at a restaurant approximately 15 hours per week. She was scheduled to take six classes, totaling 14 credit hours. Daughter only received eight credit hours that semester because she failed one class and dropped another one.

After the Fall 2003 semester, DCSE administratively terminated Father's obligation to pay child support because Daughter's completion of only eight credit hours resulted in her emancipation as of January 1, 2004. Father ceased paying child support. Daughter continued her education at SMSU and successfully completed at least 12 credit hours during the Spring 2004, Fall 2004, Spring 2005 and Fall 2005 semesters.

In February 2005, Mother filed a motion to reinstate child support. Father opposed the motion and affirmatively sought declaratory relief that Daughter had become legally emancipated as of January 1, 2004. In July 2006, the court held a hearing on Mother's motion. Both parties testified and submitted exhibits for the court's consideration. In April 2007, the court entered a judgment awarding Mother $569 per month in child support retroactively to May 1, 2004. The court acknowledged that Daughter failed to complete 12 credit hours during the Fall 2003 semester. Nevertheless, the court decided Daughter was not legally emancipated because: (1) during the Fall 2003 semester, Daughter was actively pursuing her higher education while working part-time; and (2) after January 2004, she continued to attend college, maintain passing grades and receive at least 12 credit hours each semester. This appeal followed.

In this court-tried case, our review is governed by Rule 84.13(d).[3] *Mullin v. Silvercreek Condominium Owner's Ass'n, Inc.*, 195 S.W.3d 484, 489 (Mo.App. 2006). We must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the

---

**1.** All references to statutes are to RSMo (2000) unless otherwise specified.

**2.** In 2005, SMSU was renamed Missouri State University.

**3.** All references to rules are to Missouri Court Rules (2007).

weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[4] An appellate court conducts a *de novo* review of questions of law. *Billings Mut. Ins. Co. v. Cameron Mut. Ins. Co.*, 229 S.W.3d 138, 142 (Mo.App.2007).

■ In Father's first point, he contends that Daughter was legally emancipated as of January 1, 2004, because she successfully completed only eight credit hours during the prior semester. Father argues that the trial court's contrary decision resulted from a misapplication of § 452.340. This Court agrees. During the Fall 2003 semester, the relevant portions of this statute stated:

> 3. Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:
>
> . . .
>
> (5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply. . . .
>
> . . . .
>
> 5. . . . If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first oc-

curs. . . . A child who is employed at least fifteen hours per week during the semester may take as few as nine credit hours per semester and remain eligible for child support so long as all other requirements of this subsection are complied with.

In *Lombardo v. Lombardo*, 35 S.W.3d 386 (Mo.App.2000), the western district of this Court held that a child "completes at least twelve hours of credit each semester" as required in § 452.340.5 by receiving "credit for at least twelve hours worth of courses each semester." *Id.* at 389. Failure to obtain the minimum number of credit hours per semester as required by § 452.340.5 results in the child's emancipation and consequent termination of the parent's child support obligation. *Id.* at 391. This interpretation of the statute has been uniformly followed in subsequent appellate decisions. *See, e.g., Shands v. Shands*, 237 S.W.3d 597, 602 (Mo.App. 2007); *Bryant v. Bryant*, 218 S.W.3d 565, 571–72 (Mo.App.2007); *Peine v. Peine*, 200 S.W.3d 567, 572 (Mo.App.2006); *Griffith v. Griffith*, 163 S.W.3d 464, 467 (Mo.App. 2005); *Pickens v. Brown*, 147 S.W.3d 89, 92 (Mo.App.2004); *Meuschke v. Jones*, 134 S.W.3d 783, 788 (Mo.App.2004); *Smith v. White*, 114 S.W.3d 407, 421 (Mo.App.2003); *Mandel v. Eagleton*, 90 S.W.3d 527, 530–31 (Mo.App.2002).

■ The trial court made a factual finding, not challenged on appeal, that Daughter was working at least 15 hours per week during the Fall 2003 semester. The last sentence of § 452.340.5 states that "[a] child who is employed at least fifteen hours per week during the semester may take as few as nine credit hours per semester and remain eligible for child support *so long as all other requirements of this subsection are complied with.*" (Ital-

---

4. *Murphy* interpreted the provisions of former Rule 73.01(c). The provisions of that rule were transferred, in essentially the same form, to Rule 84.13(d) effective January 1, 2000.

ics added.) Therefore, Daughter had to receive at least nine hours of college credit during the Fall 2003 semester in order to avoid emancipation. *See Meuschke,* 134 S.W.3d at 788.

Because Daughter actually received only eight credit hours during that semester, she failed to meet the minimum credit hour requirements in § 452.340.5. Consequently, she was legally emancipated as of January 1, 2004, unless the "manifest circumstances" exception was applicable:

The failure to satisfy the credit-hour requirement can be excused if (1) the failure is temporary, (2) the child evidently intended to satisfy the hourly requirement in the very next non-summer semester, and (3) manifest circumstances beyond the child's control prevented the child from satisfying the requirement. Such manifest circumstances include illness, physical disability, financial difficulty, or a parent's nonpayment of child support.

*Meuschke,* 134 S.W.3d at 788. The trial court made no express finding that manifest circumstances beyond Daughter's control prevented her from meeting the minimum credit-hour requirements of § 452.340.5 during the Fall 2003 semester. After reviewing the record, this Court has discovered no evidence supporting an implicit finding to that effect. Daughter did not testify at the hearing, and nothing in the testimony of Mother or Father suggested that Daughter's failure to pass one class or her decision to drop another class resulted from illness, physical disability or financial difficulties. Therefore, the "manifest circumstances" exception cannot be applied to preclude Daughter's emancipation. *See Griffith,* 163 S.W.3d at 467–68; *Meuschke,* 134 S.W.3d at 788–89; *Smith,* 114 S.W.3d at 421 n. 7; *Mandel,* 90 S.W.3d at 531–32.

Mother argues, however, that the trial court's ruling should be upheld because of a 2007 amendment to § 452.340, which states that "[w]hen enrolled in at least twelve credit hours, if the child receives failing grades in half or more of his or her course load in any one semester, payment of child support may be terminated and shall not be eligible for reinstatement." § 452.340.5 RSMo Cum.Supp. (2007). Mother contends this amended language gave the trial court discretion to decide that Daughter was not emancipated. In essence, Mother is arguing that the 2007 amendment should be applied retrospectively. This we cannot do. The Missouri Constitution prohibits laws that are retrospective in operation. MO. CONST. art. I, § 13. A retrospective law includes one that creates a new obligation or duty with respect to past transactions. *Doe v. Blunt,* 225 S.W.3d 421, 422 (Mo. banc 2007). If a law gives something already done a different effect from that which it had when the events transpired, it is retrospective. *See State ex rel. Schottel v. Harman,* 208 S.W.3d 889, 892 (Mo. banc 2006). Under the law in effect in 2003, Father's obligation to pay child support terminated when Daughter failed to satisfy the minimum credit-hour requirements of § 452.340.5. *See Meuschke,* 134 S.W.3d at 788. Therefore, the 2007 amendment to § 452.340.5 cannot be applied retrospectively to those past events to create a new obligation to pay child support.

In conclusion, Father's first point has merit and is granted. Father's second point is moot and need not be addressed. The judgment is reversed, and the cause is remanded with directions to enter a judgment in favor of Father.

PARRISH, P.J., and SCOTT, J., Concur.